CECELIA G. NEWMAN v. CARROLL L. NEWMAN.[1]

January 10, 1930.

No. 27,638.

*Linus J. Hammond,* for appellant.
*McMeekin, Quinn & Swan,* for respondent.

WILSON, C. J.

Plaintiff appealed from an order denying her motion to vacate an order modifying a judgment for divorce wherein plaintiff was awarded the custody of her two children and the defendant was required to pay $40 monthly toward their support. The modification

[1]Reported in 228 N. W. 759.

gave the custody of the children to defendant and terminated the monthly payments.

This record discloses that plaintiff has been subjected to great humiliation by defendant. His conduct has been extremely reprehensible and offensive. Plaintiff married at the age of 17. One child was born October 1, 1923, and the other May 9, 1926. The divorce was granted January 9, 1928. Thereafter, as before, plaintiff worked outside her home and with the allowance cared for her children. She rented a room in the home of Mr. and Mrs. Richard B. Campion in which she lived from October, 1928, to February, 1929. Mr. Campion was a railroad detective. During this period she became acquainted with a married man who worked in the same place of business as she. She permitted him to call on her evenings and take her to the movies and thereafter to a café for lunch. The record shows no more. Defendant's detective found nothing else. As evidenced by the divorce decree and the affidavits attached to the motion herein, defendant has forfeited his right to the custody of the children as against plaintiff unless she has now lapsed in moral integrity. Instead of giving her the advice which she needed the Campions disclosed her conduct to defendant and to the wife of plaintiff's married friend. The application for the modification followed.

A mother is presumed to be a fit person to have the custody of her own children. In the divorce suit Judge Lewis found plaintiff suitable for such purpose. Upon the application of defendant to modify the decree, Judge Orr found that plaintiff was an unfit person to have the custody of her children which he gave to the defendant. What evidence is there to sustain this finding?

The evidence convicts plaintiff of impropriety only. The affidavits show a bad record for defendant. It may be that he is now living a better life. Neither has heeded the signboards of the past. The unconventional friendship, which finds no approval in this court, falls short of establishing such a degree of immorality as to make plaintiff unfit to have the custody of her children of tender years. Ordinarily the showing must be definite and the evidence convincing to establish a mother's unfitness to have the custody of her in-

fant children. Especially is this true as against a morally deficient father. Nothing is so helpful to an infant as a mother's love. This is not wholly lost by her single misstep in moral rectitude. But even that is not shown in this case. In relation to the welfare of such children no one can take the mother's place. Children are her problem. Nature binds her in the service of her children. Unfortunately there are cases where the next best care under the circumstances must be substituted. Such substitution however is not to be made until the record discloses such a breakdown in the moral fiber of the mother as probably to have a detrimental bearing or influence upon the children or their ideals in relation to character development.

The friendship was unwise, but it was not a liaison. It took the mother away from the children at times. Yet for the money paid to Mrs. Campion it was her duty to assist in the care of the children. The place was selected because of Mrs. Campion's ability to do that. Plaintiff was assured by Mrs. Campion that she would care for the children in her absence. They did not suffer neglect. Plaintiff, who worked during office hours and cared for her children during other hours, needed some time for relaxation or amusement. A little sympathy and encouragement would probably have been helpful. From the very beginning of the administration of justice by the courts of our country, even under the common law rules which have been relaxed by statutes, the custody of very young children has been awarded to the mother, even in some instances where it has been proved that she was not morally upon a very high plane, on the broad ground that the welfare of the child is the paramount consideration; and for children from three to six years of age, as here involved, it is unquestionably for the child's welfare that it remain with the mother. 52 Am. L. Rev. 371, 373.

We are of the opinion that the evidence does not sustain the finding that the mother was unfit to have the custody of the children and that the decree should not have been modified. The order of modification is vacated. The decree will stand.

Reversed.