WALTER FRANCIS DACEY v. LOIS TROTT DACEY.[1]

March 14, 1930.

No. 27,764.

*Jenswold, Jenswold & Dahle,* for appellant.

*Baldwin, Baldwin, Holmes & Mayall* and *H. B. Haroldson,* for respondent.

TAYLOR, C.

Plaintiff and defendant were residents of the city of Duluth. They were married April 29, 1916, and were divorced January 31, 1928. Defendant had deserted plaintiff and was living in the city of Chicago, Illinois, at the time of the divorce. They have two children, William Francis born December 3, 1919, and James Cornelius born May 30, 1923. Pursuant to a stipulation between the parties the decree of divorce gave the custody of the children to plaintiff but gave defendant certain privileges in respect to them which will be stated later. Defendant remarried three days after the granting of the divorce and resides in Chicago. In April, 1929, she made an application to the court to amend the decree so as to give her the custody of the children. The application was denied and she appealed.

The evidence submitted at the hearing covers more than 400 printed pages. We shall not discuss the particular charges and countercharges. Each party denied the charges made by the other. At defendant's instance much of the evidence on her side was given by witnesses who appeared in person and testified orally. This was supplemented by affidavits. Plaintiff cross-examined the witnesses produced by defendant and presented a large number of affidavits in his own behalf. There is much evidence from witnesses of high standing attesting the good character and good conduct of each. There is also some evidence tending to show that the conduct of each has not always been above criticism.

Defendant desires to obtain the custody of the children for the purpose of removing them to Chicago, which would take them outside the jurisdiction of the court. Plaintiff owns and occupies a nine-room house in a good neighborhood in the city of Duluth. His

sister, Mrs. Mary Hartman, lives with him and cares for the children. She was formerly in charge of the kindergarten department of the state normal school, and her ability and character are unquestioned. The children attend school and are well cared for. As the decree now stands defendant has the right to visit them at all reasonable times, and plaintiff is required to pay her traveling expenses from Chicago to Duluth and return for four visits each year and also to pay not exceeding $25 for her maintenance while in Duluth on each of these visits. She also has the right to the custody of the children for two and one-half months each summer during school vacation but is prohibited from taking them outside the state.

As defendant asked that the existing provision for the custody of the children be changed, the burden was upon her to show facts warranting the change. The future welfare of the children is the principal question considered in determining such matters. Whether it would be better for them to remain in the custody of plaintiff or to be placed in the custody of defendant depends upon the conclusions drawn from contradictory evidence. The trial court, who saw and heard such of the witnesses as appeared in person and who had full knowledge of the situation of the parties and of all the facts and circumstances, refused to make any change in the decree. This amounted in effect to a finding that the facts deducible from the evidence failed to show that the welfare of the children would be promoted by transferring them from the plaintiff to the defendant. Only questions of fact are involved, and it is the province of the trial court to determine them. This court does not try the case de novo as it does in habeas corpus proceedings. We have carefully examined the record and are satisfied that the provision originally made for the children and again approved by the trial court should not be changed by this court.

Defendant complains because letters written by the oldest boy to his mother were not admitted in evidence. They were clearly inadmissible. At the hearing defendant stated that she was unable to obtain an affidavit from the boy then nine years of age, and asked

to be permitted to subpoena him as a witness and have him testify orally. The court denied the request, saying in substance that this was a hearing upon a motion in which the taking of oral testimony was not required and that taking the testimony of the boy was not necessary or advisable. Defendant complains of this ruling. It is not properly reviewable here for no exception was taken to it. But even if it were we are satisfied that it would not justify a reversal.

The order is affirmed.

