## ALF W. WICKLEM v. DOROTHY L. WICKLEM.[1]

December 2, 1949.

No. 34,979.

---

[1]Reported in 40 N. W. (2d) 69.

*Thomas O. Dougherty* and *John Ott,* for appellant.
*Donald A. Chapman,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Appeal from an order modifying a divorce decree by transferring custody of a girl seven years of age from her mother, originally awarded her custody in the divorce decree, to her father, now a resident of Pennsylvania. Both parents have remarried since the divorce.

The order appealed from provided:

"It is ordered that the judgment and decree of divorce dated December 4, 1945, be modified in paragraph 2 thereof to read as follows: That the plaintiff [the father] be and hereby is awarded the custody of said minor child Barbara A. Wicklem and shall have the right to remove said Barbara A. Wicklem from the City of Minneapolis and State of Minnesota to Hickory, Pennsylvania, the present home of the plaintiff.

"It is further ordered that the defendant shall have the right to visitation of said child at Hickory, Pennsylvania at all reasonable times, and

"It is further ordered that upon the request of the defendant, the plaintiff at his expense shall arrange to return said child to Minneapolis each summer for a period of not to exceed thirty (30) days and at the end of thirty (30) days the defendant shall release said child to the custody of the plaintiff."

In a memorandum attached to the order the court stated:

"* * * The testimony further showed that since the decree of divorce Barbara [the child] has been boarded with a Mrs. H. F. Ebert of 2542 13th Avenue South; that during said time the defendant rarely visited said child although she lived but a short distance from the Ebert home.

"Evidence was introduced showing that plaintiff's present wife was a kind, a loving person and a good housekeeper and is anxious and willing to have plaintiff's minor child make her home with plaintiff in their home in Hickory, Penn.

"The Court believes that the welfare of said minor child will be best served if the said minor child be awarded to the plaintiff and his present wife and her children who are described as of the ages of 4½ and 6 years."

On appeal, defendant asserts that the foregoing order constitutes an abuse of discretion in view of the well-settled principle that under normal conditions the custody of a young child should be awarded to the mother.

The evidence established that the child welfare service in Pennsylvania had made a study of the present living quarters of plaintiff and his wife, which report was submitted to the court; that there was presented to the court a full report on the present facilities of defendant and her husband to care for the child; that after the divorce the child resided with Mrs. H. F. Ebert from August 19, 1946, to June 18, 1948; and that during this interval defendant occasionally visited her child, but that such visits were brief and

sometimes did not extend beyond a few moments' conversation on the sidewalk in the front of the Ebert home. Plaintiff's present wife was in court and testified as to her home and her desire to have Barbara live with her and her family, which included two small children by a former marriage.

The evidence further indicated that defendant and her present husband are living in a three-room apartment in northeast Minneapolis; that she is employed during the daytime, making it necessary for her to relegate the care of Barbara to others during her working hours; that she has made arrangements to such effect; and that during the past summer the child was left by her with relatives of her husband near Alexandria, Minnesota.

■ Whether the welfare of a child will be best served by awarding custody to the mother or the father is normally a question of fact. M. S. A. 518.18 provides:

"The court may afterward [subsequent to the divorce decree], from time to time, on the petition of either parent, revise and alter such order concerning the care, custody, and maintenance of the children, or any of them, and make such new order concerning them, as the circumstances of the parents and the benefit of the children shall require."

We have repeatedly held that this section leaves to the trial court's discretion the determination as to which parent shall be given custody of children involved in divorce proceedings. The primary object to be sought, of course, is the welfare of the child, and an order in this respect will not be reversed here unless there has been a clear abuse of judicial discretion. As stated in Dacey v. Dacey, 179 Minn. 520, 522, 229 N. W. 868, 869:

"* * * The future welfare of the children is the principal question considered in determining such matters. Whether it would be better for them to remain in the custody of plaintiff or to be placed in the custody of defendant depends upon the conclusions drawn from contradictory evidence. The trial court, who saw and heard such of the witnesses as appeared in person and who had full knowl-

edge of the situation of the parties and of all the facts and circumstances, refused to make any change in the decree. * * * Only questions of fact are involved, and it is the province of the trial court to determine them."

■ It is true that ordinarily a young child should have the care, love, and affection of its mother and should be established in a home where there is ample opportunity for their manifestation. Eberhart v. Eberhart, 149 Minn. 192, 183 N. W. 140; Newman v. Newman, 179 Minn. 184, 228 N. W. 759; Johnson v. Johnson, 223 Minn. 420, 27 N. W. (2d) 289. However, where it is clear that the child has not had such manifestation, as in the instant case, there is no principle which compels us to adhere to the established rule. As stated in Christianson v. Christianson, 217 Minn. 561, 563, 15 N. W. (2d) 24, 26:

"'* * * Ordinarily, a child of tender years should have the care, love, and affection of its mother, Spratt v. Spratt, 151 Minn. 458, 185 N. W. 509, 187 N. W. 227, because for these, under normal circumstances, there is no adequate substitute. But even a mother's care, love, and affection must yield to the child's welfare, and where it appears, as here, that the mother's care and custody will be detrimental to the welfare of the child, she should not be awarded its custody."

■ This matter should not be deemed closed here, however. Plaintiff has admitted that for over a year subsequent to the divorce he neglected to comply with the court's order in contributing toward the support of the child, that he was delinquent in his care of and attention to her.

It is not without misgivings that we approve the order of the trial court, not because of anything of merit in plaintiff's record, but because it is our belief that for the first time the child will be placed in a home where she can live a normal life and expect the parental love and affection previously denied her. Plaintiff's wife has indicated a real interest in the child and appears to be willing to take her into the home as one of her own.

It is the opinion of this court that, in any event, the order should be modified to the extent of permitting defendant to have the custody of the child during the summer months for a period of at least 60 days upon her request, and that during such time plaintiff shall continue to make contributions in the sum of $10 per week for her care as provided in the original order.

It is suggested that the Hennepin county welfare board continue to keep in close touch with the situation, and, if possible, through the Pennsylvania child welfare service, obtain periodic reports as to the care and attention afforded the child in her new surroundings. If there is any question about her happiness and well-being, any facts having a bearing thereon should be reported immediately to the trial court, which, of course, retains jurisdiction in the matter.

The order appealed from is modified as herein directed, but without costs or attorney's fees here to either party.

[1]Reported in 40 N. W. (2d) 619.