# MARSHALL L. CHRISTIANSON v. LOIS CHRISTIANSON.[1]

June 9, 1944.

Nos. 33,739, 33,757.

*Thomas Tallakson,* for appellant.
*Maurice S. Bush,* for respondent.

PETERSON, JUSTICE.

Defendant appeals from two orders, one denying her motion to modify the judgment of divorce so as to award her the custody of the child of the parties, and the other granting plaintiff's motion, subsequently made, vacating a temporary order restraining him, pending the motion to modify the judgment, from in any way interfering with her temporary custody of the child. The child involved

[1]Reported in 15 N. W. (2d) 24.

is a little girl, who was five years old at the time the divorce was granted and ten years old when the motion to modify the judgment was made.

The judgment for divorce was granted on May 10, 1939, upon the ground of desertion. The parties stipulated to *urge* the trial court to award them the *joint* custody of the child upon the condition that the child be placed in the boarding care of plaintiff's parents at Star Prairie, Wisconsin. Plaintiff *urged* the trial court to award the custody of the child in accordance with the terms of the stipulation, but it refused to do so. It found that defendant was not "a proper person to share in the custody of the aforesaid child"; refused to abide by the stipulation, and awarded the permanent and exclusive care and custody of the child to plaintiff.

The child was taken to the home of her paternal grandparents, where, except for visits with defendant, she remained until the summer of 1943. The grandparents have accorded the child the best of treatment, love, and care. In fact, defendant makes no claim to the contrary.

In the summer of 1943, the paternal grandparents made arrangements to go to California temporarily, where the grandfather planned to take work in a defense plant. They intended to take the child with them. The child was visiting at the time with defendant, who then made the motions to modify the judgment and to restrain plaintiff, pending the hearing on the motion to modify, from interfering with her temporary custody of the child.

The motions were heard upon affidavits. The evidence was in conflict. The trial court had an investigation made by the child welfare board of the county of the conditions in defendant's home. The report made to the court by the welfare board was adverse to defendant. The trial court denied the motion to modify the judgment, without prejudice to any subsequent application for such relief. Implicit in the order is a finding that the welfare of the child requires that she remain in plaintiff's exclusive care and custody. Defendant contends that the fact is contrary to such an implied finding and that the trial court abused its discretion in

denying her motion. We have examined the record. Suffice it to say that it shows that defendant was an unfit person to have the custody of the child at the time the judgment of divorce was granted and at the time the motion was heard. The evidence showed that defendant had remarried and established a new home. The conditions found to exist in the new home in which she intended to keep the child were such as to be detrimental to the proper rearing and the welfare of the child. We refrain from stating the details. The facts were laid bare, and the evidence amply justified the trial court's conclusion.

Subsequent to the order denying the motion to modify the judgment the court made an order vacating the temporary restraining order. The question whether it has remained in force pending the appeal has been argued at length. Apparently, defendant has had the custody of the child pending the appeal and the benefit of the order.

■  The rule is well settled that the welfare of the child is the prime consideration in determining to whom its custody shall be given. State ex rel. Peterson v. Sanders, 215 Minn. 502, 10 N. W. (2d) 387; State ex rel. Aldridge v. Aldridge, 163 Minn. 435, 204 N. W. 324. Ordinarily, a child of tender years should have the care, love, and affection of its mother, Spratt v. Spratt, 151 Minn. 458, 185 N. W. 509, 187 N. W. 227, because for these, under normal circumstances, there is no adequate substitute. But even a mother's care, love, and affection must yield to the child's welfare, and where it appears, as here, that the mother's care and custody will be detrimental to the welfare of the child, she should not be awarded its custody.

■  Affirmance of the order denying the motion to modify the judgment renders moot the question whether the temporary restraining order was in force pending the appeal.

Both orders appealed from are affirmed.