ROY A. MEINHARDT v. DEANNA LOUISE MEINHARDT, NOW DEANNA LOUISE OSTBY, BY MABEL FRONK, GUARDIAN AD LITEM.

111 N. W. (2d) 782.

November 17, 1961—No. 38,318.

*Conrad J. Carr,* for appellant.
*Nolan, Alderman & Holden,* for respondent.

KNUTSON, JUSTICE.

This is an appeal from an order of the trial court amending a divorce decree so as to award custody of two minor children to defendant.

Plaintiff and defendant were married August 15, 1953. At that time defendant was 16 years of age and plaintiff, 20. They had two daughters, one born on April 23, 1954, and the other on October 18, 1955. Plaintiff entered the armed services of the United States, and, after his return, trouble developed between the parties culminating in a suit for divorce brought by plaintiff in 1957. The parties entered into a written stipulation in which defendant, among other things, agreed:

"The permanent care, custody and control of the minor children of

the parties is awarded to the plaintiff, subject to the right of the defendant to visit said minor children at reasonable times and places."

Defendant also waived all claims for alimony and support money. The action was tried as a default case and a divorce decree issued on June 7, 1957, in which the court adopted the stipulation of the parties and pursuant thereto awarded the permanent care, custody, and control of the two minor children to plaintiff, subject to visitation rights granted defendant.

After the divorce was granted, defendant returned to her parents' home in Wadena, Minnesota, and was employed in various restaurants there and at Staples, Minnesota.

Plaintiff since his discharge from the Army has been employed in Minneapolis by Denny Atwood. He had no home for the children so they were first left with plaintiff's sister and brother-in-law and later were placed in the home of Mr. and Mrs. John Farmer, who are distant relatives of plaintiff. It is conceded that they received good care in the Farmer home.

On April 7, 1958, defendant made a motion for amendment of the divorce decree so as to award custody of the children to her. The court ordered investigations by the welfare boards of Wadena County, wherein defendant resided, and Hennepin County, wherein plaintiff resided. Thereafter the court made findings and conclusions that no change should be made in the custody of the children "at this time." It would serve no useful purpose to set forth in this opinion the reasons which prompted the court's decision. It is enough to say that at that time defendant had no home in which to care for the children.

On February 23, 1960, defendant submitted to the court a second motion for amendment of the divorce decree so as to award custody to her. A hearing was had on this motion and on June 22, 1960, the trial court entered its findings of fact and conclusions of law amending the divorce decree so as to award custody of the children to defendant.

Between the first and second motions for amendment of the divorce decree, the situation of both parties was considerably altered. On October 25, 1958, defendant married Rudolph Ostby. The marriage was performed in the Methodist Church at Wadena. Ostby is employed as a

salesman for an implement dealer in Staples. He works 6 days a week and earns take-home pay of $58 per week. At the time of the hearing on the motion they lived in a 5-room house in the country which they rented for $20 a month. The house was modern and had a large yard and garden, and the parties in their garden raised a considerable quantity of food, much of which was preserved by canning. A child was born to Mr. and Mrs. Ostby on September 22, 1959. They seldom go out in the evening but spend most of their time at home. Both defendant and her husband visited the children at the Farmer home in Minneapolis on several occasions and at other times the children visited at their home.

Plaintiff's status has also changed. On December 12, 1959, he remarried. His new wife had a high school education and was employed by Proctor & Gamble in Minneapolis, where she earned about $260 per month. Plaintiff's take-home pay was about $325 per month. At the time the last motion was submitted to the court, plaintiff and his wife had recently purchased and resided in a duplex in Minneapolis on which they had made a down payment of $1,000. The property was encumbered for $19,900. They rent one-half of the duplex for $100 per month.

Plaintiff's wife had visited the children at the Farmer home with plaintiff since they first met. She testified that she intended to discontinue working.

Based on the change in circumstances of the parties the trial court granted defendant's motion so as to award custody of the children to the mother. The entire matter, including the original divorce and both subsequent motions, was heard by the same judge, the Honorable Rol E. Barron.

The only question here is whether the trial court abused its discretion in amending the divorce decree so as to award custody of the children to defendant.

The governing statute is Minn. St. 518.18, which reads:

"The court may afterward, from time to time, on the petition of either parent, revise and alter such order concerning the care, custody, and maintenance of the children, or any of them, and make such new order concerning them, as the circumstances of the parents and the benefit of the children shall require."

■ In determining who should have custody of minor children we have frequently stated that the trial court is vested with a wide discretion and we will not reverse unless there is a clear abuse of discretion.[1]

■ The welfare of the children is the paramount consideration of the court and a change of custody may be ordered where there is such a change of circumstances of the parties that the welfare of the children will be best served by changing custody.[2]

■ The rule is so firmly established in this jurisdiction that it hardly needs repeating that, other things being equal, the welfare of children of tender years is best served by their being left in the care of their mother. Many of the cases on this subject have recently been reviewed in the case of Eisel v. Eisel, 261 Minn. 1, 110 N. W. (2d) 881.[3]

It is something more than sentimentalism that has led the courts to come to this conclusion. That there is no substitute for the love, companionship, and guidance of a good mother hardly needs any argument. She has the time and opportunity of providing care and comfort to children at times when normally the father is away from home. In many other ways she is the one to whom the children normally look for guidance. It is only in those cases where the mother is unfit to have the custody of the children or is unable to adequately care for them that we have upheld the award of custody to the father or, in extreme cases, to someone else.

■ Applying these rules to the facts of this case it is apparent that both parents have now established adequate homes for the children. Prior to the last motion made by defendant neither parent had a home

---

[1]Wicklem v. Wicklem, 229 Minn. 478, 40 N. W. (2d) 69; Novotny v. Novotny, 152 Minn. 420, 189 N. W. 258; Menke v. Menke, 213 Minn. 311, 6 N. W. (2d) 470.

[2]State ex rel. Pappenfus v. Kourtz, 173 Minn. 177, 216 N. W. 937.

[3]See, also, Volkman v. Volkman, 151 Minn. 78, 185 N. W. 964; Spratt v. Spratt, 151 Minn. 458, 185 N. W. 509, 187 N. W. 227; Christianson v. Christianson, 217 Minn. 561, 15 N. W. (2d) 24; Johnson v. Johnson, 223 Minn. 420, 27 N. W. (2d) 289; Wicklem v. Wicklem, 229 Minn. 478, 40 N. W. (2d) 69; Aske v. Aske, 233 Minn. 540, 47 N. W. (2d) 417; MacWhinney v. MacWhinney, 248 Minn. 303, 79 N. W. (2d) 683.

in which the children could be cared for. While technically in the custody of the father under the court's order, the children have not been cared for by him but have been "farmed out" to others who have provided the care normally expected from a parent. While no criticism can be made of the care furnished by the Farmers, it still remains a fact that no matter who is now given the permanent custody of the children it will be necessary to move them to a home to which they have been unaccustomed. Having in mind the normal inclination to award custody of children of such tender years to a mother, coupled with the fact that they have not established any fixed stability in living with the father,[4] it cannot be said that the trial court abused its discretion in now awarding custody to the mother. Certainly if a change is ever to be made it should be made now when the children will have to re-establish themselves in a new home. A trial judge of many years' experience has handled the entire matter. It is safe to assume he was familiar with all the facts involving the best welfare of the children. While plaintiff now complains of the briefness of the last hearing and while it might have been easier for us to pass upon the questions presented here if an investigation of the home of defendant had been made by the local welfare board and submitted to us, we are satisfied that the court in this case was so familiar with the entire situation as to justify the action taken. Plaintiff did not request an examination by the welfare board, and there is no evidence to substantiate a finding that defendant's home is not now a fit and proper place for the children.

Respondent is allowed $150 attorneys' fees on this appeal.

Affirmed.

---

[4]See, for instance, MacWhinney v. MacWhinney, 248 Minn. 303, 79 N. W. (2d) 683; Lammi v. Lammi, 244 Minn. 568, 70 N. W. (2d) 456.