# IRENE O. SCHULTZ v. PHILIP L. SCHULTZ.

123 N. W. (2d) 118.

August 2, 1963—No. 38,748.

*Robins, Davis & Lyons* and *Donald C. Hanson,* for appellant.
*Joseph M. Donahue* and *R. Donald Kelly,* for respondent.

206

MURPHY, JUSTICE.

This is an appeal from an order of the district court denying an alternative motion for amended findings or a new trial in a divorce action. The trial court granted an absolute divorce to the defendant-husband on his cross-complaint. Conditional custody of the minor children was also awarded to him with reasonable rights of visitation to the plaintiff-wife. It is contended by the wife that the evidence does not support the finding that she is not a fit person to have custody of the minor children.

The wife's complaint alleged cruel and inhuman treatment within the meaning of Minn. St. 518.06(3). By an order to show cause she sought temporary support money and attorney's fees, possession of certain personal property, and custody of the children. At the hearing on the order to show cause the trial court suggested to the parties and their counsel that the case could be tried promptly on its merits if they so desired. Pursuant to an agreement the husband interposed an answer and cross-complaint and they proceeded to trial the following day.

From the record it appears that the wife is 31 years of age and the husband is 33 years of age. They had been married 11 years at the time of trial. There are 3 children, the issue of their marriage—2 boys, ages 9 and 7 years, and a girl, 4 years of age. It appears from the record that the wife graduated from high school and completed one year of college work. In 1949 she was employed by her husband's father, a Lutheran clergyman, to teach in a parochial school in Westgate, Iowa. After a year of being so employed, she married the defendant. During the period of their marriage, the wife continued to work a considerable part of the time. In addition to teaching parochial school she held various jobs and operated a nursery school in her home, caring for a number of neighborhood children. The money which she earned from these activities went to the support of the family. The husband has a high school education and has a "designation" from Purdue University as an insurance counselor. During the course of their married life, however, he changed jobs frequently, being employed in selling insurance, clerking in stores, working on road construction, in lumberyards, and other temporary jobs. At the time of trial he was employed as an assistant store

manager earning $90 a week. His outstanding debts were estimated to be about $4,800.

After having resided in Waterloo, Iowa, for about 10 years the parties moved to St. Paul, Minnesota, in 1960. They lived at several addresses in St. Paul. It would appear from the record that after having moved to Minnesota the wife acquired unconventional habits not in character with her former way of life. Her conduct indicated a want of stability and she neglected her family. The parties separated in September 1961 when it was agreed that the wife should go to a psychiatrist in Iowa who had been suggested by a doctor friend of the parties. The incident which precipitated the separation arose from the plaintiff's interest in a nightclub musician. She admitted that she frequented the place where this man worked as an entertainer and that she saw him or was with him 16 or 17 times. She freely admitted to her husband a close and personal association with this man. The record indicates that her husband also suspected her of having affairs with other men. After the wife went to Iowa to see the psychiatrist there, the husband followed. She then told him that she definitely wanted a divorce and considered marrying the nightclub musician. The husband then went to St. Paul, took the three children back to Iowa, and placed them in the care of his family. Shortly thereafter the wife commenced this action. There is some evidence in the record which would indicate that the husband has been on familiar terms with at least one other woman and that his conduct has not been entirely exemplary. The two minor boys reside with their paternal grandfather at the Lutheran parsonage in Westgate, Iowa. The girl resides with the husband's sister in Waterloo, Iowa. The record would indicate that the children are well cared for and live in wholesome surroundings.

We do not understand from the plaintiff's brief or from the record that a serious claim is made that the husband is not entitled to a divorce. The order of the court with relation to custody of the minor children provides:

"That defendant is entitled to judgment awarding the care, custody and control of the minor children of the parties, namely: Steven Mark Schultz, age nine (9); Jeffrey Alan Schultz, age seven (7); and Susan

Marie Schultz, age four (4). That plaintiff is entitled to reasonable visitation with said children, whether they are in the actual custody of defendant or physical custody of said Otto C. Schultz, Westgate, Iowa. That said physical custody of said minor children shall remain with said Otto C. Schultz at Westgate, Iowa, until such time as defendant shall make application to this Court, evidencing that he has suitable housing accommodations and supervisory care by way of a housekeeper or daytime help, and upon satisfactory evidence of such ability to care for said children satisfactory to this Court. In the event defendant produces such evidence, the physical custody of said children may be transferred by this Court from Otto C. Schultz to the defendant herein."

We assume that when further and more definite arrangements are made for the custody of the children, the wife will be entitled to notice and the right to be heard.

■ There are certain basic rules which guide an appellate court in reviewing orders of the trial court with relation to custody of minor children in divorce actions. It has often been said that the trial court is vested with wide discretion and its decision will not be reversed unless there is a clear abuse of discretion. It has also been frequently said that all things being equal, the welfare of the children of tender years is best served by their being left in the care of the mother. The welfare of the child is paramount and the rights of the parents must yield to that consideration. Molto v. Molto, 242 Minn. 112, 64 N. W. (2d) 154; Eisel v. Eisel, 261 Minn. 1, 110 N. W. (2d) 881; Meinhardt v. Meinhardt, 261 Minn. 272, 111 N. W. (2d) 782. We are of the view that there was no abuse of the court's discretion in making the order with reference to the custody of the children. While it is unfortunate that the children are not living together under one roof with either parent, we do not find in the plaintiff's brief or record a reasonable suggestion as to what other solution the trial court could have arrived at under the circumstances as they existed at the time of the trial.

■ It appears from the record that when this matter first came before the court a form of pretrial order was made referring the matter to the probation officer of Ramsey County for a report on the fitness of the plaintiff to have the custody and control of the children. There is no evi-

dence in the record that such a report was ever received or considered by the trial court. The plaintiff argues that it was error for the trial court to decide the case without having received this report. We find no merit to this contention. The parties consented to the prompt trial of the case, which was apparently concluded before the investigation and report was completed. At the trial both parties had available witnesses who testified in their behalf. There is no suggestion in the brief or record that there were other material witnesses whom they did not have an opportunity to call. We gather from the record that the trial court was satisfied that the parties had produced all of the available evidence bearing on the issues presented and that whatever information might be contained in the report of the probation officer would add nothing to the facts the court already had. We hold that the court did not abuse its discretion in not delaying its determination of the case until it received the report of the probation officer. This determination is not inconsistent with our holdings in Oltmanns v. Oltmanns, 265 Minn. 377, 121 N. W. (2d) 779, and Gumphrey v. Gumphrey, 262 Minn. 515, 115 N. W. (2d) 353, where we discussed different facets of the use of probation reports in custody cases.

■ In the trial below attorney's fees and costs were denied to the plaintiff-wife. We have held that we may allow suitable attorney's fees and necessary expenses in appeals in divorce cases even where the wife is the losing party. We accordingly allow attorney's fees to the plaintiff in the sum of $250 together with costs incurred in this appeal. In the event that the defendant taxes disbursements against her in this court as the prevailing party, an additional allowance under Minn. St. 518.14 is granted to her to offset that item. Molto v. Molto, 242 Minn. 112, 64 N. W. (2d) 154; Larkin v. Larkin, 261 Minn. 414, 113 N. W. (2d) 75.

Affirmed.