## RONALD HANSON v. JUDITH HANSON.

170 N. W. (2d) 213.

August 15, 1969—No. 41329.

*Friedman & Friedman* and *Newton S. Friedman,* for appellant. *Bruess & Boyd, Robert W. Boyd,* and *David P. Sullivan,* for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Rogosheske, and Peterson, JJ.

NELSON, JUSTICE.

Appeal by Judith Hanson, defendant, mother of Marybeth, born November 24, 1962; Robert Lee, born September 2, 1964; and Paul Raymond, born December 13, 1965, from a divorce decree awarding custody of the two oldest children to plaintiff, Ronald Hanson.

Plaintiff and defendant were married in St. Louis County, February 24, 1962. Plaintiff was 24 years of age and defendant was 17.

Plaintiff, as grounds for divorce, alleged that since the marriage defendant has treated him in a cruel and inhuman manner. The trial court found in accordance with that allegation and

that such treatment had continued up to the commencement of this action. It found the following specific instances of cruel and inhuman treatment:

"Defendant has had relationships with other men which were subversive to the marital relationship of the parties.

"Defendant repeatedly kept late hours without suitable explanation.

"Defendant told the plaintiff that the baby, Paul Raymond, was not the plaintiff's child.

"Defendant repeatedly belittled the plaintiff in front of the children of the parties and conducted a course of living subversive to marital relationship.

"Defendant failed to properly care for the children of the parties.

"After defendant left the home of the parties and had been away from the plaintiff for over eight months, she became pregnant as a result of relations with a man other than the plaintiff."

The trial court found the following facts:

"That Marybeth Hanson and Robert Lee Hanson, two of the three children of the parties, have resided with and have been under the partial care and control of the plaintiff all of their lives; that they have resided in the homestead of the parties at 311 East Wadena Street, Duluth, Minnesota, most of their lives; that since January, 1967, these two children have continued to reside at the said homestead, and have been under the sole custody, care and control of the plaintiff; that these children have grown accustomed to this home provided by the plaintiff and that no ascertainable home has been provided by the defendant for these two children.

"That the plaintiff has demonstrated that he is a fit and proper person to have the custody, care and control of Marybeth Hanson and Robert Lee Hanson, subject to reasonable visitation by the defendant.

"That Paul Raymond Hanson, the third minor child of the parties, has been in the sole custody, care and control of the defendant since January, 1967; that such sole custody, care and control of said Paul Raymond Hanson has existed for a period of ten months since January, 1967; that this child has thus adapted and grown accustomed to residing with his mother and under her control.

"That the lives of the three minor children hereto have become adapted and stabilized in the custody of the parties hereto in whose respective custody they have been for the last ten months since January, 1967; and that the welfare of these children may best be served by not disturbing this stabilized situation."

The trial court further found that $50 per month was the proper amount for support of Paul Raymond to be paid to defendant by plaintiff; that no alimony should be awarded to defendant; that the homestead located at 311 East Wadena Street, Duluth, should be awarded to plaintiff.

As a property settlement, defendant was awarded the sum of $3,000. All household goods, except items given to defendant by her family and items of such nature that they would be of use and value to a woman but not to plaintiff, were awarded to plaintiff.

As conclusions of law, the trial court found that plaintiff was entitled to the judgment and decree of the court dissolving the marriage. The court further found:

"For the best interest of the children and their welfare and in their living in a stabilized environment, custody of the children of the parties is awarded as follows:

"a. To the plaintiff, the custody of Marybeth Hanson and Robert Lee Hanson.

"b. To the defendant, the custody of Paul Raymond Hanson.

"It is determined by this Court that the overriding consideration in splitting custody in this case is based upon what is best for the welfare of the children. From the evidence adduced at

the hearing it is clear that the welfare of the children will be best served by the above findings of this Court."

Full rights of visitation were granted to both plaintiff and defendant.

Defendant's appeal is limited to one issue, namely, the award of custody of the two oldest children to plaintiff.

Plaintiff correctly points out that under the law of Minnesota a determination of the proper custody of minor children requires the application of two major principles. The first of these principles is that the paramount and overriding consideration in selecting one of two parents in whom to place the care, custody, and control of minor children is the welfare of those children. Fish v. Fish, 280 Minn. 316, 159 N. W. (2d) 271; Schultz v. Schultz, 266 Minn. 205, 123 N. W. (2d) 118; Meinhardt v. Meinhardt, 261 Minn. 272, 111 N. W. (2d) 782. The second principle is that the lower court is vested with broad discretion in determining custody matters and will not be reversed by an appellate court unless a clear abuse of that discretion is shown. Fish v. Fish, *supra*; Schultz v. Schultz, *supra;* Molto v. Molto, 242 Minn. 112, 64 N. W. (2d) 154. This court stated in the Molto case (242 Minn. 114, 64 N. W. [2d] 156):

"* * * In arriving at a solution, the trial court is vested with broad discretionary powers and in the absence of a showing of arbitrary action in awarding custody of a child, this court will not interfere. It should be kept in mind that a trial court, unlike an appellate court, has the opportunity to see the parties as well as their witnesses, hear their testimony, observe their actions, and weigh the evidence in the light of those factors. In the absence of a clear abuse of discretion the action of the trial court must be affirmed."

In determining custody of minor children, all of the circumstances having any bearing on the children's welfare must be

considered. The court hearing the case must select from the choices available to it, the home, environment, and custodian which will best serve the children's welfare. This court has on many occasions applied the rule that, normally, other things being equal, the welfare of children of tender years is best served by their being placed in the custody of their mother if this can reasonably be arranged. Fish v. Fish, *supra;* Meinhardt v. Meinhardt, *supra.* This rule appears to be subject to the overriding consideration which is to serve the best interests of the children. In the Fish case, this court said (280 Minn. 321, 159 N. W. [2d] 274):

"The principle that the custody of young children is ordinarily best vested in the mother, vital and established as it may be, is 'distinctly subordinate' to the 'controlling principle' that the overriding consideration in custody proceedings is the child's welfare."

In the Fish case, it was found that the trial court had not abused its discretion by placing a minor son in his father's custody. In the Schultz case, this court, recognizing that the trial court is vested with wide discretion in custody cases, said (266 Minn. 208, 123 N. W. [2d] 120):

"* * * [A]ll things being equal, the welfare of the children of tender years is best served by their being left in the care of the mother. The welfare of the child is paramount and the rights of the parents must yield to that consideration."

In the Schultz case, this court found that the welfare of the children involved would be best served by placing them in the custody of their father and that there was not an abuse of discretion by the lower court in awarding custody accordingly.

In defendant's statement of the legal issues involved on this appeal she questions whether the evidence was sufficient to justify depriving her of custody of the two oldest children when the court found she was a proper and suitable person to have custody of the youngest child. We agree with plaintiff that the

only question is whether the welfare of the children will be best served by the lower court's disposition.

Defendant phrased another legal issue as follows:

"Where defendant mother, following separation from plaintiff father, commits an indiscretion but is found to be a suitable mother and is awarded custody of the youngest child of the parties, age 1, is it proper to award custody of the two older children, a girl, age 5, and a boy, age 2, to father where there is no showing whatsoever that mother is not a fit and proper person to have custody of the children?"

We do not agree, as this statement implies, that the trial court based its award of custody solely on the commission of an indiscretion by defendant following separation from plaintiff. It is clear that the trial court found that the welfare of the two oldest children would be best served by placing them in the father's custody. The trial court also found that defendant had failed to properly care for the children. This was based upon evidence produced at the trial showing that defendant did not possess the interest and affection for Marybeth and Robert Lee and concern for their welfare which a mother normally possesses; that she was more concerned with her own personal comforts and desires than with the care of her children; and that she often stayed out until early in the morning, preferring sleeping late to fixing breakfast for the children, forcing the children to fend for themselves even though they were only 2 and 4 years of age. This was substantiated by several witnesses who testified that defendant allowed her daughter to roam around the neighborhood unattended at age 2-1/2 years and that she was unconcerned as to the whereabouts of her children and whether or not they had been fed.

The transcript shows many instances where defendant exhibited a definite lack of concern for her children, the remark having been made by her: "Well, maybe some people think that children are enough to hold a marriage together but I don't

think so. I'm still young and my happiness comes first." There was testimony that defendant voluntarily left the home of the parties, leaving the two children, and very shortly thereafter entered into a stipulation for divorce under which she agreed to the award of the permanent custody of Marybeth and Robert to their father. The evidence showed that she lacked the love and affection for her children and the concern for their welfare which constitutes the foundation of the rule that normally it is better for the children to be with the mother. Meinhardt v. Meinhardt, *supra*.

The Meinhardt case points out that the mother "has the time and opportunity of providing care and comfort to children at times when normally the father is away from home." 261 Minn. 276, 111 N. W. (2d) 784. However, the record fails to indicate that defendant here furnished this background. Under her intentions expressed at the trial, she would be home no more than the average father and less than plaintiff has proven he will be under the evidence herein.

A stipulation entered into between defendant and plaintiff after commencement of the action contained, among others, the following provisions:

"That the custody of Marybeth Hanson and Robert Lee Hanson be awarded to the plaintiff, with reasonable rights of visitation by the defendant. That the custody of Paul Raymond Hanson be awarded to the defendant, with reasonable rights of visitation by the plaintiff.

"That each of the parties hereto shall support the child or children in their respective custody."

It seems clear that one of the reasons custody of Paul Raymond Hanson was awarded to defendant was a statement defendant made to plaintiff that he, plaintiff, was not the father of that child.

Another stipulation was entered into after trial, reading as follows:

"IT IS HEREBY STIPULATED by and between the plaintiff, Ronald Hanson, through his attorneys * * * and the defendant, Judith Hanson, by and through her attorney * * * as follows:

"1.    That the defendant, Judith Hanson, is now pregnant.

"2.    That the defendant, Judith Hanson, became pregnant after having been separated from her husband under the Order of this Court.

"3.    That the plaintiff, Ronald Hanson, is not the father of the child the defendant, Judith Hanson, is carrying.

"4.    That this Stipulation of Fact may be entered into the record of the hearing in this matter just as though these facts had been testified to during said hearing."

Another factor bearing on defendant's fitness as a mother was evidence of a close relationship with one Melvin Roseen prior to the separation of the parties, which evidence indicated that defendant may have lived with Roseen for some period after the separation. The later stipulation showed that defendant became pregnant as a result of sexual relations with someone other than plaintiff after separation of the parties and this information did not come to light at the time of trial. See, Lobash v. Lobash, 283 Minn. 255, 167 N. W. (2d) 43.

Under our decisions, this conduct on the part of defendant in her relationship with another man, standing alone, may not furnish sufficient grounds for an award of custody of the children to the father. However, her conduct as a whole, together with her lack of concern for and true interest in the welfare of her children as shown by her lack of proper care for them, provides sufficient grounds for the trial court to make the divided custody award.

Upon the record before us, we think it clear that plaintiff has shown far greater concern for the welfare of the children than has defendant and has shown himself to be a better custodian than has defendant. Defendant cites as controlling Reiland v. Reiland, 280 Minn. 444, 160 N. W. (2d) 30; Eisel v. Eisel, 261 Minn. 1, 110 N. W. (2d) 881; and French v. French, 236 Minn.

439, 53 N. W. (2d) 215. A careful examination of the foregoing cases reveals situations quite different from the case at bar. The mother's love and affection have been shown to be lacking and unavailable to her children. This has been made evident by her conduct during the period between the separation and time of trial.

No further discussion of the evidence is necessary. The record indicates that the trial court was thoroughly familiar with the rules set down in the court decisions referred to. The court had the best opportunity to see the parties as well as their witnesses, hear their testimony, observe their actions, and weigh the evidence in the light of those factors. We see no abuse of discretion on the part of the court below, and there is no evidence of arbitrary action in the custody award.

Because the evidence before us on this appeal indicates that it is in the best interests and welfare of the two children that their custody be awarded to their father, the trial court's decision should be affirmed in all respects. In affirming, we do so without prejudice to the right of defendant to seek further consideration of the custody question should future change of circumstances warrant.

Affirmed.