PAULA D. ANDERSON v. MAYNARD C. ANDERSON.

198 N. W. 2d 145.

May 19, 1972—No. 43044.

*Robins, Meshbesher, Singer & Spence* and *Ronald I. Meshbesher,* for appellant.

*Dorsey, Marquart, Windhorst, West & Halladay, John D. Levine,* and *Vincent S. Walkowiak,* for respondent.

PER CURIAM.

This appeal arises out of a divorce proceeding. The only question presented here relates to the right to custody of the parties' daughter born May 25, 1966. The trial court, after a lengthy trial lasting 6½ days, which amassed a record of somewhat over 1,000 pages, awarded custody of the child to the father.

As is usual in cases involving the custody of children, the feelings of the parties as exhibited by the record indicate much bitterness. Sometimes in cases of this kind it is better for all involved if we omit a recitation of the facts. We think that is true here. When we have examined the record and briefs to ascertain whether the trial court's findings are reasonably sustained by the evidence, we have performed our appellate function unless there is some legal principle to expound that we have not already adequately expressed. In this area, the law has been so exhaustively stated in our recent cases of Fish v. Fish, 280 Minn. 316, 159 N. W. 2d 271 (1968); Hanson v. Hanson, 284 Minn. 321, 170 N. W. 2d 213 (1969); and, even more recently, in Reiland v. Reiland, 280 Minn. 444, 160 N. W. 2d 30 (1968); and Id. 290 Minn. 497, 185 N. W. 2d 879 (1971), that it would be pure repetition to again state what we have expressed in these and prior opinions that are readily available to anyone who wishes to examine the law on this subject.

We have examined the lengthy record in this case and conclude that the trial court was within the bounds of his discretion in awarding custody of the child to the father. The court has made a conscientious ef-

fort to determine what is best for the welfare of the child involved and we are content to leave it there.

Affirmed.

MR. JUSTICE MURPHY took no part in the consideration or decision of this case.

MR. JUSTICE MacLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.