# BONNIE M. RYG (KERKOW) v.
# LOREN H. KERKOW

207 N. W. 2d 701.

May 25, 1973—No. 43727.

*Deonne Parker* and *Lynn S. Castner,* for appellant.

*Melchert, Hubert & Howe, Paul A. Melchert,* and *Thomas R. Howe,* for respondent.

PER CURIAM.

Plaintiff mother appeals from an order denying her motion for a new hearing or amendment of an order granting defendant father custody of their two children, both boys, born in 1963 and 1965. The issue is whether the trial court abused its discretion in granting defendant custody of the children. We affirm.

Plaintiff and defendant, married in 1962, lived on defendant's farm near Jordan, Minnesota, during their entire marriage. Plaintiff commenced the divorce action in Hennepin County District Court in January 1969 and received temporary custody of the children, subject to the provision that defendant have custody of them in the summer. During the summer, plaintiff and defendant agreed that defendant should have custody of the children until the following June of 1970, when the court, with the aid of a report from the Hennepin County Department of Court Services, would decide who would receive permanent custody. This agreement, necessitated by financial and other difficulties plain-

tiff was having in Minneapolis, became part of the final decree entered on November 26, 1969.

The June 1970 hearing was delayed until August 1970. Plaintiff and her new husband, whom she married on December 12, 1969, testified at this hearing, as did defendant and a caseworker for the department of court services. After this hearing, the trial court ordered the matter continued for another year so that the department of court services could make a more thorough investigation. During this year, defendant retained custody. An order was entered awarding permanent custody to defendant in August 1971 after another hearing.

As we have stated in numerous cases, see, e.g., the recent case of LaBelle v. LaBelle, 296 Minn. 173, 207 N. W. 2d 291 (1973), the trial court has broad discretion in determining which parent should have custody of minor children. The prime consideration of the trial court in exercising that discretion must be the welfare and best interests of the children. Thus, although we have indicated that normally, other things being equal, the interests of young children are better served by placing them in their mother's custody rather than their father's custody, the paramount and overriding consideration must be the welfare of the children. Reiland v. Reiland, 290 Minn. 497, 185 N. W. 2d 879 (1971); Hanson v. Hanson, 284 Minn. 321, 170 N. W. 2d 213 (1969); Lindberg v. Lindberg, 282 Minn. 536, 163 N. W. 2d 870 (1969); Fish v. Fish, 280 Minn. 316, 159 N. W. 2d 271 (1968). See, also, Minn. St. 518.17, which provides in part that the trial court "shall consider all facts in the best interest of the children and shall not prefer one parent over the other solely on the basis of the sex of the parent."

In the instant case, the trial court, following these principles, determined that, although the parents were equally fit to have custody, the best interests of the children would be served by their remaining in defendant's custody. The trial court was apparently influenced primarily by the fear that a change in custody might have adverse effects on the children, since the chil-

dren had developed a strong dependency for living on the farm with their father and had strongly expressed their preference for that environment over the greatly different environment offered by their mother and her husband.

We have carefully considered the record and cannot conclude that the trial court abused its discretion in reaching this decision. There was considerable evidence that defendant, with the help of his parents, was doing a good job raising the two children and that he was as fit a parent as plaintiff. There was also credible evidence which suggested that a change in custody might be a traumatic experience, possibly detrimental to the children's welfare. The trial court was faced with a very difficult decision, and we cannot say that it abused its discretion in determining that defendant should have permanent custody of the children.

Neither party shall be allowed costs or disbursements.
Affirmed.