# RACHEL M. FELSHEIM v. RALPH B. FELSHEIM.

214 N. W. 2d 696.

February 8, 1974—No. 43920.

*Baudler & Baudler* and *Bryan J. Baudler,* for appellant.
*Daniel E. Lanoue,* for respondent.

Heard before Knutson, C. J., and Otis, MacLaughlin, and Mulally, JJ., and considered and decided by the court.

EDWARD D. MULALLY, JUSTICE.*

Plaintiff wife appeals from the judgment of the trial court awarding the parties a divorce. The following issues are raised: Whether the trial court erred (1) in awarding permanent custody of seven of the parties' nine children to defendant husband; (2) in dividing the parties' property as it did; (3) in denying alimony to plaintiff; and (4) in the amount awarded as support

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

for the two children whose permanent custody was awarded to plaintiff.

In cases of this kind it is often true that no worthwhile end is served by a recitation of the facts as they relate to the claims and accusations of the parties. We think that is true here. There are no unusual legal principles involved in this matter. The law applicable to custody, property division, alimony, and support has, in addition to the statutory provisions,[1] already been expressed adequately and exhaustively in Cooper v. Cooper, 298 Minn. 247, 214 N. W. 2d 682 (1974) ; Ryg v. Kerkow, 296 Minn. 265, 207 N. W. 2d 701 (1973) ; LaBelle v. LaBelle, 296 Minn. 173, 207 N. W. 2d 291 (1973) ; Reiland v. Reiland, 290 Minn. 497, 185 N. W. 2d 879 (1971) ; Messer v. Messer, 289 Minn. 449, 184 N. W. 2d 801 (1971) ; Bollenbach v. Bollenbach, 285 Minn. 418, 175 N. W. 2d 148 (1970) ; Vandewege v. Vandewege, 284 Minn. 330, 170 N. W. 2d 228 (1969) ; Hanson v. Hanson, 284 Minn. 321, 170 N. W. 2d 213 (1969) ; Krohn v. Krohn, 284 Minn. 95, 169 N. W. 2d 389 (1969) ; Hansen v. Hansen, 284 Minn. 1, 169 N. W. 2d 12 (1969) ; Smith v. Smith, 282 Minn. 190, 163 N. W. 2d 852 (1968) ; Fish v. Fish, 280 Minn. 316, 159 N. W. 2d 271 (1968) ; Cozik v. Cozik, 279 Minn. 91, 155 N. W. 2d 471 (1968) ; Kucera v. Kucera, 275 Minn. 252, 146 N. W. 2d 181 (1966) ; Larkin v. Larkin, 261 Minn. 414, 113 N. W. 2d 75 (1962) ; Gannon v. Gannon, 258 Minn. 57, 102 N. W. 2d 677 (1960) ; and Albertson v. Albertson, 243 Minn. 212, 67 N. W. 2d 463 (1954).

We have examined the record in this case and conclude that the trial court was within the bounds of its discretion in awarding custody of the children as it did.

We conclude that although the property division would perhaps appear to be weighted somewhat in favor of the defendant, consideration as to necessary housing and other uses to which the property will be put in caring for the seven children whose custody was awarded to defendant, coupled with the questionable value of several items, compels the holding that the trial court

---

[1] Minn. St. 518.17; 518.54; 518.55; 518.57; 518.58; 518.59; 518.63.

cannot be said to have abused its discretion in dividing the property as it did.

Although indiscretions on the part of the plaintiff began and continued during the latter years of the marriage, we cannot ignore a period of some 15 or 16 years as a loyal wife and mother prior to this, together with plaintiff's lack of the training or skills necessary to qualify her for adequate employment. Even though funds for the payment of alimony to plaintiff may not be available at this time, largely because of the state of the defendant's health, plaintiff should not be foreclosed from all possibility of such consideration. We hold that the trial court erred in neither awarding alimony to plaintiff nor reserving the matter of alimony for future consideration in the light of any change in circumstances.

We further hold that the trial court erred as to the amount of money which it awarded to plaintiff for the support of the children whose custody was awarded to her.

We direct that the judgment and decree of the trial court be modified so as to (1) reserve to the court the question of alimony and provide for its reconsideration in the future in the event of any change in the circumstances of the parties, and (2) award to plaintiff as and for the support of Rose Marie Felsheim and Ramona Margaret Felsheim the sum of $20 per week *in addition* to other support provisions already provided for therein, such payment to continue until the younger of such children shall attain the age of 18 years. Except as so modified, the judgment of the trial court is affirmed.

On this appeal plaintiff is awarded the sum of $250 attorneys' fees. No further costs or disbursements are allowed to either party.

Affirmed as modified.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.