SUSAN ANN ERICKSON v. RAYMOND D. ERICKSON.

220 N. W. 2d 487.

July 26, 1974—No. 44396.

*William J. Hanley* and *John W. Harrigan,* for appellant.
*Barnett, Ratelle, Hennessy, Vander Vort & Stasel* and *James H. Hennessy,* for respondent.

Heard before Peterson, Kelly, and Knutson, JJ., and considered and decided by the court.

PER CURIAM.

Plaintiff, Susan A. Erickson, obtained an absolute divorce from defendant, Raymond D. Erickson, in February 1973. The divorce was granted on the ground that defendant had conducted himself in a manner detrimental to the marriage relationship within the purview of the then applicable statute, Minn. St. 1971, § 518.06(3). The trial court awarded custody of the couple's minor child to plaintiff, subject to reasonable visitation rights to be exercised by defendant. Defendant's appeal from the judgment contests only the custody award.

Plaintiff and defendant were married in 1960 in Oregon. At the time of the trial both were in their early forties and both had full-time occupations, defendant as an accountant and plaintiff as an office librarian. The parties had one child, Laura Ann Erickson, who was born on June 14, 1969. Laura was approximately 3½ at the time of the

trial and spent the hours while her mother worked in a licensed day care home.

Defendant's major claim on appeal is that the trial court judgment awarding custody of Laura to plaintiff mother was arbitrary and unsupported by the evidence. Having carefully examined the record, we find little to support defendant's contentions.

Several well-established rules govern the decision and review of child custody matters under Minn. St. 518.17. In Hanson v. Hanson, 284 Minn. 321, 324, 170 N. W. 2d 213, 215 (1969), we identified two major principles:

"* * * The first of these principles is that the paramount and overriding consideration in selecting one of two parents in whom to place the care, custody, and control of minor children is the welfare of those children. Fish v. Fish, 280 Minn. 316, 159 N. W. (2d) 271 [1968]; Schultz v. Schultz, 266 Minn. 205, 123 N. W. (2d) 118 [1963]; Meinhardt v. Meinhardt, 261 Minn. 272, 111 N. W. (2d) 782 [1961]. The second principle is that the lower court is vested with broad discretion in determining custody matters and will not be reversed by an appellate court unless a clear abuse of that discretion is shown. Fish v. Fish, *supra;* Schultz v. Schultz, *supra;* Molto v. Molto, 242 Minn. 112, 64 N. W. (2d) 154 [1954]."

The primary question before us, therefore, is whether the trial court abused its discretion. We hold that it clearly did not. While the evidence showed that both parents had good relationships with the child, plaintiff has been Laura's primary caretaker since her birth. The weight of the evidence was to the effect that plaintiff was a conscientious and concerned mother, emotionally stable and largely free of problems with alcohol, whereas defendant had had some significant problems in this area. Although there was some testimony that plaintiff tended to be overprotective of Laura, even defendant himself conceded at trial that Laura had made significant progress in developing independence and skills. In sum, we consider the custody award fully supported by the evidence.

Defendant also asserts that the mother should not be given an absolute or arbitrary preference in the custody of young children. We do not disagree. As the court noted in the recent case of Ryg v. Kerkow, 296 Minn. 265, 266, 207 N. W. 2d 701, 703 (1973):

"* * * [A]lthough we have indicated that normally, other things being equal, the interests of young children are better served by placing them in their mother's custody rather than their father's custody,

the paramount and overriding consideration must be the welfare of the children. Reiland v. Reiland, 290 Minn. 497, 185 N. W. 2d 879 (1971); Hanson v. Hanson, 284 Minn. 321, 170 N. W. 2d 213 (1969); Lindberg v. Lindberg, 282 Minn. 536, 163 N. W. 2d 870 (1969); Fish v. Fish, 280 Minn. 316, 159 N. W. 2d 271 (1968). See, also, Minn. St. 518.17, which provides in part that the trial court 'shall consider all facts in the best interest of the children and shall not prefer one parent over the other solely on the basis of the sex of the parent.'"

While defendant is therefore correct in urging that the mother not be given an absolute preference on the basis of her sex, there is nothing in this record to suggest that the trial court gave plaintiff such a preference or otherwise failed to follow the statutory criteria.

Finding no merit in the other points argued before us by defendant, we affirm the custody award. Attorneys fees of $400 for this appeal, to be paid by defendant, are allowed to plaintiff-respondent.

Affirmed.