JANICE M. SCHEIBE v. HAROLD R. SCHEIBE.

241 N. W. 2d 100.

April 9, 1976—No. 45677.

*Thomsen, Nybeck, Zeck, Herbst, Johnson & Wilson* and *Adrian E. Herbst,* for appellant.

*Weinberg, Litman & Kaner* and *Edward A. Litman,* for respondent.

PER CURIAM.

Plaintiff mother appeals from an order denying her motion for a new trial or amendment of a divorce decree insofar as it granted defendant father custody of their three children. Plaintiff seeks a reversal of the custody award on the ground that the trial court abused its discretion in awarding custody to defendant. Alternatively, she seeks a remand for a hearing at which her counsel can cross-examine the author of the custody evaluation report and introduce additional testimony. We affirm.

It would not serve any useful purpose to summarize the facts. However, we have carefully reviewed the entire record and conclude that the trial court did not abuse its discretion in awarding custody to defendant. Ryg v. Kerkow, 296 Minn. 265, 207 N. W. 2d 701 (1973); LaBelle v. LaBelle, 296 Minn. 173, 207 N. W. 2d 291 (1973); Minn. St. 518.17.

The rule with respect to custody evaluation reports is that, absent a waiver, an appellant in a custody case is entitled to a new hearing if it appears that the trial court based its custody decision in part upon such a report without first giving the parties an opportunity to cross-examine the author of the report or to otherwise meet or answer adverse facts therein. VanZee v. VanZee, 302 Minn. 371, 226 N. W. 2d 865 (1974); Timmons v. Timmons, 298 Minn. 523, 213 N. W. 2d 335 (1973); Fisher v. Devins, 294 Minn. 496, 200 N. W. 2d 28 (1972). In this case we cannot determine with certainty from the record whether there was a waiver, but it does appear that the trial court did not base its decision on any information contained in the report (which, incidentally, was equally favorable to both parties). In view of this, we do not believe it would serve any useful purpose to grant plaintiff a new hearing. This decision is not intended to alter in any way the responsibility of the trial court in custody cases to provide the parties with an opportunity to read evaluation reports and to cross-examine the author or otherwise meet or answer adverse facts therein.

Affirmed.