In the Matter of the
WELFARE OF V.H.

No. C7-87-262.

Court of Appeals of Minnesota.

Sept. 22, 1987.

Barry V. Voss, P.A., Minneapolis, for appellant.

Patrick R. Burns, Legal Advice Clinics Ltd., Minneapolis, for respondent.

Randy Decker, Minneapolis, for guardian ad litem.

Nancy McLean, Minneapolis, for Hennepin County Bureau of Social Services.

Heard, considered and decided by HUSPENI, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

This is an appeal from an order modifying a dissolution decree and awarding legal custody of the parties' minor child to the respondent. Appellant argues that the trial court improperly relied upon Minn.Stat. § 518.17, subd. 1 (1986) in determining that a change in custody was in the best interests of the minor child. Appellant further contends that the trial court erred by relying upon insufficient evidence in exercising its discretion on the question of custody. We affirm.

## FACTS

Appellant V.M.M. and respondent G.S.H. were married on January 2, 1977. They had one child, V.H., born on April 17, 1979. Their marriage was dissolved on November 18, 1981 and custody of their daughter was initially awarded to appellant, the mother of the child.

In 1982, appellant sought a temporary restraining order against respondent and therapy for their daughter after V.H. made references to sexual abuse by her father. Those allegations were deemed unreliable by several therapists and the child later recanted them. However, in the course of her therapy, V.H. made credible allegations of physical and sexual abuse naming her mother, maternal grandparents, a maternal aunt, two cousins, and two other individuals as the perpetrators. Her therapists concluded that V.H. was severely emotionally disturbed and that her condition was very probably caused by physical and sexual abuse by one or more persons. At least one therapist testified that appellant was one of the abusers.

Both respondent and the Hennepin County Bureau of Social Services petitioned the court to have V.H. adjudicated a neglected and dependent child. On October 3, 1983, V.H. was placed in foster care. On March 23, 1984, upon stipulation of the parties, V.H. was declared a dependent child pursuant to Minn.Stat. § 260.015, subd. 6 (1982). Both parents agreed to receive counseling.

Respondent successfully completed a parenting skills program. Appellant successfully completed three of the four levels of Genesis II, a women's therapy program to which she had been assigned. She was terminated for repeated misrepresentations to staff members, unexcused absences and her refusal to admit to or deal with her sexual abuse of her daughter.

The trial court awarded physical custody of the child to respondent on February 4, 1985.

Respondent is a transvestite. He cross-dresses in the privacy of his bedroom and has taken steps to insure that his daughter does not see him in women's clothing. During the two and one-half years V.H. has been living with him, he has not received or kept transvestite literature in his home. Respondent plans to tell his daughter about his transvestism with the aid of a therapist when she is old enough to know.

V.H.'s therapists, respondent's therapist, the Hennepin County social worker and

V.H.'s Guardian Ad Litem, with full knowledge of respondent's transvestism, all supported awarding custody to respondent.

On October 31, 1986, the trial court modified the dissolution decree and awarded permanent legal and physical custody of V.H. to her father. From this modification, V.M.M. appeals.

### ISSUES

1. Did the trial court use the proper standard for a modification of legal custody?

2. Did the trial court err by relying upon insufficient evidence to modify legal custody?

### ANALYSIS

■ 1. Initial awards of custody are governed by Minn.Stat. § 518.17. It is reversible error for a court to modify a custody decree based upon the criterion listed in § 518.17. *Young v. Young,* 370 N.W.2d 57, 63 (Minn.Ct.App.1985) *pet. for rev. denied* (Minn. Sept. 13, 1985).

Subsequent changes in legal custody are governed by Minn.Stat. § 518.18. *Id.* Section 518.18 provides:

> (d) If the court has jurisdiction to determine child custody matters, the court shall not modify a prior custody order unless it finds, upon the basis of facts that have arisen since the prior order or that were unknown to the court at the time of the prior order, that a change has occurred in the circumstances of the child or the custodian and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain the custodian established by the prior order unless:
>
> \* \* \* \* \* \*
>
> (iii) The child's present environment endangers the child's physical or emotional health or impairs the child's emotional development and the harm likely to be caused by a change of environment is

outweighed by the advantage of a change to the child.

Minn.Stat. § 518.18(d) (1986).

■ The trial court's order cited section 518.17 instead of section 518.18. Appellant claims this reliance on the wrong statute is reversible error. However, it is clear from the trial court's order that each of the criteria of section 518.18(d) were duly considered. Indeed, the trial court specifically used the language of the statute in drafting its order.

### CONCLUSIONS OF LAW

1. That there has been a clear showing of a change in circumstances of [V.H.] since the Decree of Dissolution dated November 18, 1981 in the matter of [*H. v. H.*] as evidenced by the adjudication of dependency, the sexual and physical abuse of [V.H.], and [V.H.'s] emotional disturbance while in her mother's custody.

2. That [V.H.'s] physical and emotional health were endangered while she was in the custody of [V.M.M.]

3. That [V.H.'s] emotional development was impaired while she was in the custody of [V.M.M.]

4. That the best interests of [V.H.] would be served by modifying the Decree of Dissolution to provide for custody of [V.H.] in [G.S.H.] and that the advantage of this change outweighs any harm that might be caused by it.

The trial court's reference to § 518.17, subd. 1 appears to be a mere error in citation. The trial court properly relied upon Minn.Stat. § 518.18 in ordering a modification of custody notwithstanding its reference to Minn.Stat. § 518.17, subd. 1.

■ Appellate review of custody determinations is limited to whether the trial court abused its discretion by making findings unsupported by the evidence or by improperly applying the law. *Pikula v. Pikula,* 374 N.W.2d 705, 710 (Minn.1985). When reviewing the record, this court must view the evidence in the light most favorable to the trial court's findings. *Hansen v. Hansen,* 284 Minn. 1, 5, 169 N.W.2d 12,

15 (1969). These findings will not be overturned on appeal unless clearly erroneous. Minn.R.Civ.Proc. 52.01.

■ A modification of custody cannot be ordered unless a court specifically finds each of the following:

(1) a change in the circumstances of the custodial parent or the child;

(2) a modification is necessary for the best interests of the child;

(3) the present environment endangers the health or impairs the emotional development of the child; and

(4) the likely harm of a change to the child is outweighed by the advantages. *State on Behalf of Gunderson v. Preuss,* 336 N.W.2d 546, 548 (Minn.1983). The overriding concern in any custody decision is the best interests of the child. *Hanson v. Hanson,* 284 Minn. 321, 325, 170 N.W.2d 213, 215 (1969).

■ The findings of fact, conclusions of law, order for judgment and accompanying memorandum all indicate that the trial court specifically considered each of the four criteria necessary for a modification in custody.

With respect to the first criterion, a change in circumstances, the parties and the trial court agree that since the original award of custody, V.H. had been placed in foster care and adjudicated a dependent child; legal custody of the child had been awarded to the Hennepin County Bureau of Social Services; physical custody had been awarded to respondent; appellant had admitted to physically abusing her daughter on at least one occasion; and all family members had undergone extensive counseling.

Further, in testimony by therapists Dr. Glenn Hirsch, Dr. Jane McNaught, Ms. Carla Christensen and Ms. Carole Wickers-Shulman, all concluded that V.H. had been the victim of sexual abuse. Dr. McNaught, who worked most extensively with V.H. and with V.H. and her mother, was of the opinion that appellant was the principal abuser. Dr. McNaught also testified that psychological tests she had administered indicated that V.H. was "a child with real emotional problems." Both V.H. and her mother were subsequently engaged in extensive individual, joint and group counseling. These factors provide sufficient evidence upon which the court could conclude that a significant change had occurred in the circumstances of both mother and child.

With respect to the second criterion, the best interests of the child, testimony established a dramatic change in the child's well-being after respondent assumed physical custody. Testimony at trial by Drs. Glenn Hirsch, Carol Wickers-Shulman and Dr. Jane McNaught indicated that V.H. had been physically and sexually abused by one or more persons while in her mother's custody. The identity of the person or persons was uncertain, but Dr. McNaught—who had counseled all 3 family members—was of the opinion that appellant was responsible for the abuse. Dr. McNaught further testified that appellant's refusal to admit to, or deal with, her abusive behavior was adversely affecting the child's progress. Appellant has admitted to physically abusing the child on one occasion. Dr. McNaught believes V.H. loves both parents and works especially hard to please her mother, but she is afraid of her mother and visits with appellant have proven stressful and often traumatic for her.

By contrast, Dr. McNaught testified as to her progress while under respondent's care:

She is just not the same child that comes to me nowadays as she was when I first saw her. She is a child who looks very normal, who seems very happy and more relaxed and is acting more like a child as opposed to the pseudo-mature behavior that she demonstrated when she first came in. I think for the first time in [V.H.'s] life she is making a positive attachment to an adult and feels some sense of protection and safety with her father, which she has not before had, * * *. My opinion is that he is and will continue to be a good parent to [V.H.] * * *. [H]e nurtures her. He is able to set limits with her in a non-abusive way. He fosters her development as a child. He seems able to acknowl-

edge her independence being aside from himself * * *. He is knowledgeable about the nutritional needs. In general, I see that she is a child thriving in his environment.

We conclude there was sufficient evidence for the court to determine a change in custody was necessary for the best interests of V.H.

With respect to the third criterion, endangerment to the child, contradictory testimony was offered as to who had abused V.H. At various times the child identified her mother, father, maternal grandparents, maternal aunt, maternal cousins and two other individuals named "Linda Hall" and "Chuck".

It is undisputed that the child was physically abused by the appellant on at least one occasion. It is undisputed that the child was sexually abused by one or more individuals and that the abuse occurred while the child was under the sole legal and physical custody of the appellant. Dr. McNaught expressed a firm belief that the child's mother and two cousins had abused V.H., but that respondent had not abused the child. She was unable to express an opinion regarding abuse by the grandfather.

Whether appellant or appellant's family was responsible for the abuse of the child, that the abuse occurred at all is evidence of endangerment to the child. Combined with the child's traumatic response to visits with appellant and appellant's admission of physical abuse, sufficient evidence existed to justify a conclusion that the child was endangered. It was within the trial court's discretion to conclude appellant was the principle abuser.

With respect to the fourth criterion that a change would be more advantageous than not, evidence offered by the respondent indicated that the child is traumatized by visits with her mother or by joint sessions with her mother and her therapist. Behavioral problems including bedwetting, aggressive behavior and sexual "acting out" characterize the time immediately following visits with appellant. Similar behavior was exhibited towards her father prior to her first visitation with him and has not since reappeared.

As indicated above, Dr. McNaught testified as to the dramatic progress V.H. has made physically and emotionally since her return to her father.

Appellant contended that respondent has physically and sexually abused V.H.—testimony contradicted by Drs. McNaught and Hirsch.

Testimony was presented by both sides as to the potential impact, if any, respondent's transvestism may have on the emotional and psychological well-being of the child. Dr. Ralph Underwager testified that respondent's transvestism could not be kept a secret from his daughter and that knowledge of respondent's behavior would be harmful to the child's own sexual identity.

On the other hand, G.S.H. has taken positive steps to keep his behavior from his daughter. He does not cross-dress in front of her and he has made plans for discussing his transvestism with his daughter and a therapist when she is old enough to be told. Additionally, Hennepin County Social Services, Genesis II therapist Dr. Jane McNaught, the Guardian Ad Litem, Barbara Mattox, and respondent's therapist Thomas Price—all with knowledge of respondent's transvestism—recommended that legal and physical custody be awarded to the father.

Finally, deference should be paid to the trial court's strong concluding statement in the memorandum accompanying the modification in custody:

Finally, it must be emphasized that this court, having had jurisdiction over this child since 1983, and being fully aware of the needs of the child, the abuse she suffered and the progress and lack of progress made by the parents in completing court ordered goals to obtain the custody of the child *would not* release its legal custody of the child if it felt there was any possibility that [V.M.M.] would obtain legal and physical custody of [V.H.] In fact, this order awarding legal custody of the child to the father only allows [V.M.M.] supervised visitation due

to her inappropriateness during visits and the traumatic effect that the visits have on the child.

There was sufficient evidence for the trial court to find a modification more advantageous to the child than not.

### DECISION

The trial court acted within its discretion and upon sufficient evidence in ordering a modification in custody pursuant to Minn. Stat. § 518.18(d).

Affirmed.