JOAN M. HOFFMAN v. RICHARD A. HOFFMAN.

227 N. W. 2d 387.

March 21, 1975—No. 44183.

*Joan M. Hoffman*, pro se, for appellant.
*Schway & Gotlieb* and *Eugene J. Schway*, for respondent.

Heard before Peterson, MacLaughlin, and Yetka, JJ., and considered and decided by the court en banc.

PER CURIAM.

This appeal arises from a proceeding in Ramsey County District Court, Family Court Division, on an action for divorce. Plaintiff appeals from the court's property settlement and awards of custody and alimony.

Plaintiff, Joan M. Hoffman, was married to defendant, Richard A. Hoffman, in 1948. Six children were born of that marriage, whose ages are currently 23, 21, 19, 16, 15, and 13.

A proceeding for separate maintenance was commenced in March 1972. Thereafter defendant answered and cross-claimed for divorce. Based upon a thorough report from the Department of Court Services, a lengthy trial, and a private interview with the children, the court made its findings of fact, conclusions of law, and order for judgment and decree. The judgment and decree (1) granted defendant an absolute divorce from plaintiff; (2) granted to defendant the permanent custody of the minor children of the parties; (3) required close supervision of the custody by the Ramsey County Department of Court Services, including a provision for subsequent reviews; (4) granted liberal visitation rights to plaintiff; (5) awarded plaintiff continuing alimony payments of $300 per month, a property settlement of $28,000, and a $20,000 lien on the parties' home; (6) granted defendant right and title to all remaining real and personal property, except for certain items of personal property awarded to plaintiff; and (7) awarded plaintiff attorneys fees and costs. Plaintiff, following denial of her motion for amended findings and conclusions, appeals from the judgment and decree.

On the question of child custody, the trial court found that neither "plaintiff nor defendant is unfit to have custody of the minor children of the parties; however, based upon unanimous statements of the children and on all of the evidence, it is in the best interest of said children that they be placed in the custody of * * * their father * * *." It is axiomatic that our controlling consideration in this matter must be the welfare of the children. Currier v. Currier, 271 Minn. 369, 136 N. W. 2d 55 (1965); Fish v. Fish, 280 Minn. 316, 159 N. W. 2d 271 (1968); Schultz v. Schultz, 266 Minn. 205, 123 N. W. 2d 118 (1963). A trial court is vested, however, with broad discretion in applying this standard in custody determinations, and, in the absence of the showing of arbitrary action, an appellate court will be slow to interfere with the exercise of that discretion. Hansen v. Hansen, 284 Minn. 1, 169 N. W. 2d 12 (1969).

We have reviewed the entire record in this case with care and concern. We recognize that the trial judge's decision was a difficult one, but we cannot say that his actions were an abuse of his discretion. There is clearly sufficient evidence in the record to support his findings.[1]

As to a proper division of property, the trial court found that defend-

---

[1] We have previously held that minor children may be entrusted to the father's custody even if no specific finding of the mother's unfitness was made (Lindberg v. Lindberg, 282 Minn. 536, 163 N. W. 2d 870 [1969]), or even if the parents are equally fit to have custody (Ryg v. Kerkow, 296 Minn. 265, 207 N. W. 2d 701 [1973]). See, also, Minn. St. 518.17.

ant had, including the homestead, approximately $135,000 of net assets. Some of the assets are tied up in business holdings which appear to be only marginally profitable. In addition, these assets include $35,000 which represented the net proceeds from a settlement of defendant's personal injury claims arising out of an accident in which defendant lost one of his legs. Based on the foregoing, we are unable to say that the trial court acted in an arbitrary or unreasonable manner. Kucera v. Kucera, 275 Minn. 252, 146 N. W. 2d 181 (1966); Johnson v. Johnson, 250 Minn. 282, 84 N. W. 2d 249 (1957); Holmes v. Holmes, 255 Minn. 270, 96 N. W. 2d 547 (1959).

As a result of all of these considerations, we affirm the decision of the trial court. No costs are allowed to either party.

Affirmed.