JAN L. DAVIS v. KEITH B. DAVIS.

235 N. W. 2d 836.

November 14, 1975—No. 45524.

*Keith B. Davis,* pro se, for appellant.

*Mack, Reidenberg & Carroll, Arthur Mack,* and *Robert M. Spector,* for respondent.

Heard before Sheran, C. J., and Otis, and Kelly, JJ., and considered and decided by the court en banc.

PER CURIAM.

Appeal from a judgment of the Hennepin County District Court granting petitioner a dissolution of marriage and awarding her custody of the parties' three minor children, plus attorneys fees. We affirm.

Petitioner, Jan Davis, and appellant-respondent, Keith Davis, were married in July 1966. Three children were born of this marriage. Their ages at the time of the decree were 7, 6, and 4. Petitioner is a commercial artist and appellant is an attorney engaged in the private practice of law.

No useful purpose would be served by detailing to any extent the emotional and psychological conflicts that led to the eventual breakup of this marriage. Suffice it to say that several serious attempts at salvaging the marriage through marital counseling proved unsuccessful.

Based upon a thorough custody study by the Hennepin County Department of Court Services and a lengthy trial which detailed the conduct of appellant causing the breakup, petitioner's fitness to remain the custodial parent, and each party's financial resources, the court made its findings of fact, conclusions of law, and order for judgment and decree. The judgment and decree (1) granted petitioner a dissolution of her marriage to appellant; (2) granted petitioner the permanent custody of the minor children along with monthly child support, but allowed appellant reasonable visitation rights; (3) granted petitioner all right and title to much of the real and personal property of the parties, subject to appellant's lien upon the homestead; (4) awarded petitioner $2,060 for attorneys fees and court costs. Appellant, who failed to move for a new trial or amended findings of fact and conclusions of law, appeals from the judgment and decree.

On the main question of child custody, the trial court found: "That Petitioner and Respondent are both fit and proper persons to have the sole care, custody and control of the minor children of the parties." However, that court also found that the best interests of the children were such that petitioner should have the sole care, custody, and control of the minor children. It is axiomatic that our controlling consideration in this matter must be the welfare of the children. Hoffman v. Hoffman, 303 Minn. 559, 227 N. W. 2d 387 (1975); LaBelle v. LaBelle, 296

Minn. 173, 207 N. W. 2d 291 (1973). Appellant argues that, given the intent and policy of the no-fault divorce provisions, to deny him custody where he has been found a fit parent constitutes a denial of equal protection of the laws. We strongly disagree with this contention because a fair hearing was accorded both the husband and the wife, along with the custody study which outlined the relative factors for and against custody for both parties. The trial court was vested with broad discretion in applying the best-interest standard in the custody determination and, without a showing of arbitrary action, an appellate court will be slow to interfere with the exercise of that discretion. Hansen v. Hansen, 284 Minn. 1, 169 N. W. 2d 12 (1969). Also, this court has held that minor children may be entrusted to one parent's custody even if no specific finding of the other's unfitness was made, Lindberg v. Lindberg, 282 Minn. 536, 163 N. W. 2d 870 (1969); or even if both parents are found equally fit to have custody. Ryg v. Kerkow, 296 Minn. 265, 207 N. W. 2d 701 (1973).

In this case there is clearly sufficient evidence to support the court's findings. We hold there was no abuse of discretion in granting child custody to petitioner.

Appellant next challenges the award of attorneys fees not on the grounds that it is an abuse of the trial court's discretion, but on the grounds that it is an unconstitutional means of forcing him to pay for the contracts of his wife. Such a novel assertion is not supported by any citation of authority. Indeed, we doubt whether any could be found. The award of attorneys fees in a dissolution action, as provided by Minn. St. 518.14, will not be disturbed by this court absent a clear abuse of discretion. Borchert v. Borchert, 279 Minn. 16, 21, 154 N. W. 2d 902, 906 (1967); 6A Dunnell, Dig. (3 ed.) § 2804. No such abuse having been alleged or shown by appellant, the trial court's award must be affirmed.

Appellant's claim that certain "procedural" errors occurring prior to and during trial show a bias on the part of the trial court against male respondents in dissolution cases is without merit. No attempts were made by appellant to secure judicial relief from the trial court for any of these alleged errors; consequently, we will not consider them.

Since the evidence presented at the trial amply showed a course of conduct detrimental to the marital relationship of the parties, we find that the finding by the trial court that the marriage had broken down was not clearly erroneous. Nelson v. Nelson, 291 Minn. 496, 189 N. W. 2d 413 (1971); Rule 52.01, Rules of Civil Procedure. The finding that the marriage was irretrievably broken is also supported by the evidence that several counseling attempts failed to aid the parties in a reconciliation.

We hold that the judgment of dissolution is supported by the findings of fact and therefore affirm. Attorneys fees of $350 are allowed to respondent for this appeal.

Affirmed.