## DIANNE J. BERGER v. GILBERT W. BERGER.

242 N. W. 2d 836.

May 21, 1976—No. 45611.

*Cyril J. Bernardy*, for appellant.

*Brecht, Hedeen & Hughes* and *William T. Hedeen*, for respondent.

PER CURIAM.

Following a decree of dissolution of marriage, petitioner, Dianne J. Berger, appeals from that portion of the judgment and order of the district court affecting the allocation of property and payments between the parties. We reverse and remand for further consideration.

The property of the parties included their house, two automobiles, two snowmobiles, a $200 balance in a credit union account, and miscellaneous household goods and personal effects. The net value of parties' property was some $33,000, including the house which had been appraised at $39,500 and was subject to a mortgage of $8,402. The district court awarded petitioner the house subject to an $11,500 lien in favor of respondent, Gilbert W. Berger, together with one automobile, one snowmobile, the household goods, and her own clothing and personal effects. Petitioner's share was thus approximately $21,000, or 64 percent of their property.

The district court also awarded petitioner custody of the parties' five minor children and ordered that respondent pay child support of $12 per child per week. The record indicates that petitioner's basic monthly expenses will be in excess of $550, while respondent's expenses will be less than $350. Respondent earns approximately $11,000 per year, but at the time of trial petitioner earned only $60 per week working part time as a waitress. During the time she worked, she had to pay $20 per week for day care services for the youngest child. The evidence suggested that petitioner's working hours would soon, because of the seasonal nature of the business, be cut back by her employer.

During the marriage petitioner inherited $24,000 from her father, most of which she invested in the parties' house and sev-

eral other capital assets. Because this sum was bequeathed by a third party to petitioner but not to respondent, it is by virtue of Minn. St. 518.54, subd. 5, treated as property not acquired during coverture. Minn. St. 518.59 provides that no more than a maximum of one-half of this class of property may be awarded to respondent. The district court's division of the property was not impermissible under these statutes.

We think, however, that the property and payment provisions of the court's order considered as a whole should be reconsidered by the district court, particularly with respect to the failure to make any provision whatever for alimony. When the district court, as it did in this case, neither awards alimony nor retains jurisdiction to award alimony at some future time, its jurisdiction to do so is lost following the dissolution of marriage. McCarthy v. McCarthy, 293 Minn. 61, 196 N. W. 2d 305 (1972). Indeed, if the court modifies an award of alimony to zero and does not retain jurisdiction to reinstate it at some future time, jurisdiction is also lost. Eckert v. Eckert, 299 Minn. 120, 216 N. W. 2d 837 (1974). We have held that under some circumstances it is reversible error not to reserve jurisdiction to award alimony at some future time. Felsheim v. Felsheim, 298 Minn. 287, 214 N. W. 2d 696 (1974).

We think the award with respect to property and payments was not an appropriate exercise of judicial discretion. The economic resources of the parties are, to be sure, not substantial. Petitioner has been given the home in which to house the five minor children and has been awarded modest child support for them. It appears, however, that the wife's income from her employment or any other source is inadequate to meet all the anticipated monthly expenses for her and her children. The property award itself did not purport to consider her income position. The situation is undoubtedly difficult for both of the parties. We do not direct what award would be more appropriate, but we are persuaded that the matter should be remanded to the district court for reconsideration.

Petitioner is allowed $350 attorneys fees.

Reversed and remanded.