Elmer R. VAN DE LOO, Appellant,

v.

Barbarah K. VAN DE LOO,
Respondent.

No. C6-83-1443.

Court of Appeals of Minnesota.

March 14, 1984.

Richard W. Greeman, St. Paul, for appellant.

Mary Stone, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., FOLEY and SEDGWICK, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This is an appeal of the division of property in a marriage dissolution. The trial court treated the proceeds of appellant's personal injury settlements and the assets purchased with the proceeds as marital property subject to division. Appellant objects to this division and the finding that undue hardship would result if the proceeds were treated as nonmarital property. Appellant also challenges the trial court's reservation of the spousal maintenance issue. We affirm.

## FACTS

On July 26, 1983, the parties' marriage of 32 years was dissolved. The children of the marriage were all emancipated. The parties were gainfully employed and capable of supporting themselves.

Respondent, Barbarah Van de Loo, was born on June 30, 1931, and is currently 52 years old. She is steadily employed by the Dowling School at a gross annual wage of approximately $12,000.00. In 1978, she was diagnosed as having cancer. In December of 1978, surgery was performed and her kidney, gall bladder and ovaries were removed. In her most recent blood test, approximately a year ago, she was given a clean bill of health. No other tests were performed because her doctor believes that if the cancer reoccurs it will be fatal.

Appellant, Elmer Van de Loo, was born on August 14, 1922, and is currently 61 years old. He is steadily employed by the State of Minnesota at a gross annual wage of approximately $22,500.00. During the course of the marriage he was injured in two separate accidents. In both cases he settled out of court: $11,500 of the proceeds from the first accident was used to purchase the parties' homestead in 1960; and $16,000 derived from the second accident was used to purchase a certificate of deposit. Both the homestead and the C.D. were held in joint tenancy.

At the time of dissolution, the trial court divided the parties' property equally. Appellant contends that the homestead and the C.D., the parties' two major assets, were purchased with his separate money and therefore are his separate property.

## ISSUES

1. Whether monies received by a spouse in settlement of a personal injury claim are marital property?

2. Whether treatment of the personal injury recoveries as nonmarital property would result in a property division that causes unfair hardship to respondent?

3. Whether the trial court's reservation of the spousal maintenance issue was an abuse of discretion?

## ANALYSIS

■ The Minnesota Supreme Court recently restated the scope of review for dissolution orders in *Taylor v. Taylor*, 329 N.W.2d 795 (Minn.1983). The Court said:

In dissolution cases the district court is given broad discretion regarding the division of property, spousal maintenance and child support. *Bollenbach v. Bollenbach*, 285 Minn. 418, 175 N.W.2d 148 (1970). A decision of the district court for the distribution of property will only be overturned on a showing that it has abused its discretion. *Bogen v. Bogen*, 261 N.W.2d 606 (Minn.1977).

*Id.* at 797. The appellate courts need not, however, defer to the trial court in reviewing questions of law. *Durfee v. Rod Baxter Imports, Inc.*, 262 N.W.2d 349, 354 (Minn.1977); *A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn.1977).

■ 1. Characterization of personal injury recoveries as either marital or nonmarital property requires examination of Minn. Stat. § 518.54, subd. 5 (1982). As such, it is a question of law upon which we exercise independent judgment. The statute provides:

*"Marital property"* means *property, real or personal,* including vested pension benefits or rights, *acquired by the parties, or either of them,* to a dissolution, legal separation, or annulment proceeding *at any time during the existence of the marriage relation between them,* or at any time during which the parties were living together as husband and wife under a purported marriage relationship which is annulled in an annulment proceeding. *All property acquired by either spouse subsequent to the marriage* and before a decree of legal separation *is presumed to be marital property* regardless of whether title is held individually or by the spouses in a form of co-ownership such as joint tenancy, tenancy in common, tenancy by the entirety, or community property. Each spouse shall be deemed to have a common ownership in marital property that vests not later than the time of the entry of the decree in a proceeding for dissolution or annulment. The extent of the vested interest shall be determined and made final by the court pursuant to section 518.58. The presumption of marital property is overcome by a showing that the property is non-marital property.

"Non-marital property" means property real or personal, acquired by either spouse before, during, or after the existence of their marriage, which

(a) is acquired as a gift, bequest, devise or inheritance made by a third party to one but not to the other spouse;

(b) is acquired before the marriage;

(c) is acquired in exchange for or is the increase in value of property which is described in clauses (a), (b), (d), and (e);

(d) is acquired by a spouse after a decree of legal separation; or

(e) is excluded by a valid antenuptial contract.

*Id.* (Emphasis added.)

■ The emphasized language indicates property acquired during the marriage relationship is presumed to be marital property. The nature of the property requires an identification of the property source. If the personal injury recovery monies are determined to be an exchange or a replacement for property acquired before marriage, i.e. the person's good health, it is nonmarital property. If the personal injury recovery monies replace property acquired during the marriage or which would have been acquired during the marriage, i.e. replacement of lost wages, it is marital property.

The Minnesota Supreme Court has touched on this issue on two occasions. In *Erlandson v. Erlandson*, 318 N.W.2d 36 (Minn.1982), the court noted that the trial court "determined that net proceeds of a personal injury suit were not marital assets. * * *" *Id.* at 38. Then, in reviewing the adequacy of the maintenance and support, the court stated: "[a]dditionally, [the wife] has the income from any investment made of the proceeds of the personal injury action." *Id.* at 40.

The other passing reference to a personal injury recovery in the dissolution context is *Hoffman v. Hoffman*, 303 Minn. 559, 227 N.W.2d 387 (1975). In *Hoffman*, the court said:

As to a proper division of property, the trial court found that defendant had, including the homestead, approximately $135,000 of net assets. Some of the assets are tied up in business holdings which appear to be only marginally profitable. In addition, these assets include $35,000 which represented the net proceeds from a settlement of defendant's personal injury claims arising out of an accident in which defendant lost one of

his legs. Based on the foregoing, we are unable to say that the trial court acted in an arbitrary or unreasonable manner.

*Id.* at 560–61, 227 N.W.2d at 389. Neither of these cases specifically interpret the marital nature of personal injury monies.

■ There is a split of authority among the jurisdictions that have addressed the issue directly. We are persuaded that the purpose of the recovery rather than the timing of the recovery controls its characterization. As the New Jersey Superior Court stated in *Amato v. Amato*, 180 N.J. Super. 210, 434 A.2d 639 (App.Div.1981):

The literal language of the statute ought not limit our inquiry to the time when the compensation is received. The purpose for which the property is received should control. Insurance funds, for example, paid to replace property destroyed by fire would remain the separate property of a spouse if the destroyed property had been owned by the spouse before marriage. So, too, we must look at the purpose for which the compensation was received during the marriage to determine if it is subject to distribution. If we view the recovery here simply as the replacement or restoration, so to speak, of the physical and mental health a spouse brought to the marriage, it is like an exchange for property possessed before the marriage. Under both the common law and community property systems an injured spouse should keep funds which replace assets brought to the marriage.

*Id.* at 219, 434 A.2d at 643 (quoting *Harmon v. Harmon*, 161 N.J.Super. 206, 214–218, 391 A.2d 552, 556–57 (App.Div.1978) (Botter, J.A.D., concurring)); *see also Jurek v. Jurek*, 124 Ariz. 596, 598, 606 P.2d 812, 814 (1980); *Cook v. Cook*, 102 Idaho 651, 653, 637 P.2d 799, 801 (1981).

Characterizing a personal injury recovery based on the purpose for which it was received permits separate treatment of the various components of the recovery. As the *Amato* court stated:

where one spouse has a claim for personal injury which occurred during marriage, monies realized by way of settlement or judgment from a tortfeasor as compensation for pain, suffering, disfigurement, disability or other debilitation of the mind or body, represent personal property of the injured spouse not distributable under *N.J.S.A.* 2A:34–23. Likewise, monies realized for a claim of loss of consortium must in fairness be so treated. Losses, such as past wage and medical expenses, which have diminished the marital estate, are distributable when recovered.

*Id.* 434 A.2d at 643–44; *Jurek v. Jurek,* 606 P.2d at 814.

■■■■ The burden of proving the purpose of part or all of the recovery, however, is on the party seeking a nonmarital classification. That party must produce demonstrable proof that the amount of the recovery was awarded for his personal injuries and not for replacement of property marital in nature. Absent such proof, the proceeds recovered for any injury occurring during the marriage will all be treated as marital property.

2. The division of marital property is controlled by Minn.Stat. § 518.58 (1982). In part, the statute provides:

the court shall make a just and equitable division of the marital property of the parties without regard to marital misconduct, after making findings regarding the division of the property. The court shall base its findings on all relevant factors including the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party. The court shall also consider the contribution of each in the acquisition, preservation, depreciation or appreciation in the amount or value of the marital property, as well as the contribution of a spouse as a homemaker. It shall be conclusively presumed that each spouse made a substantial contribution to the acquisition of income and property while they were living together as husband and wife. The court may also award to either spouse the household goods and furniture of the parties, whether or not acquired during the marriage.

*Id.* Additionally, the statute provides that:

[i]f the court finds that either spouse's resources or property, including his portion of the marital property as defined in section 518.54, subdivision 5 are so inadequate as to work an *unfair hardship,* considering all relevant circumstances, the court may, in addition to the marital property, apportion up to one-half of the property otherwise excluded under section 518.54, subdivision 5, clauses (a) to (d) to prevent the unfair hardship. *If the court apportions property other than marital property, it shall make findings in support of the apportionment. The findings shall be based on all relevant factors including the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, and opportunity for future acquisition of capital assets and income of each party.*

*Id.* (Emphasis added.)

■■■■ The trial court stated that one of its reasons for treating the personal injury recovery as marital property was that "[i]t would be unfair hardship at this juncture * * * to now treat the proceeds as other than marital property." Unfortunately, the trial court did not elaborate. Neither does the record show what the personal injury proceeds covered. Applying the relevant statutory factors, however, to the facts of this case reveals adequate support for a finding of undue hardship.

The homestead and the C.D. were the only major assets of a 32 year marriage. Respondent's cancer is in remission but at 52 her age and her health limit her earning capacity. Her current job pays her only 53% of appellant's annual earnings. At this juncture, it would indeed be an unfair

hardship not to apportion any nonmarital property.

In *Faus v. Faus*, 319 N.W.2d 408 (Minn. 1982), the Minnesota Supreme Court reviewed a finding of unfair hardship. The Court stated:

> The trial court did find that Nancy Faus "lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs, and is unable to adequately support herself after considering all relevant circumstances." While the trial court more properly should have made specific findings based on the relevant factors set out in the statute, *see id.*, it is quite apparent that the court did make a finding of unfair hardship.

*Id.* at 412–13. The same analysis applies here. We therefore affirm the court's division of the homestead and C.D. between the parties.

3. The trial court reserved the issue of spousal maintenance because of the uncertainty of respondent's health. While her cancer is presently in remission, she has already endured major surgery and her future medical needs could be substantial.

▪ As we indicated above, the trial court has broad discretion regarding spousal maintenance. Reservation of the issue under these facts protects the interests of appellant as well as respondent. Respondent has a potential source of protection if her health deteriorates significantly. Appellant has no present obligation to pay maintenance and may never be required to do so.

In the event the trial court decides to award maintenance, the standards of Minn. Stat. § 518.552 (1982) will govern the proceeding. In the exercise of its discretion, the trial court has balanced the needs and rights of the parties. Under the circumstances of this case, its action was a proper exercise of its discretion.

### DECISION

While appellant's personal injury recoveries may have been his nonmarital proper-

ty, it would have been an unfair hardship not to apportion the assets purchased with those proceeds. The reservation of the maintenance issue was also proper under the facts of this case. The trial court's order of July 26, 1983 is affirmed.