In re the Marriage of Gary Wren JONES, Petitioner, Appellant,

v.

Joan Irene JONES, Respondent.

No. C6–85–720.

Court of Appeals of Minnesota.

Nov. 19, 1985.

---

James P. Fossum, Legal Aid Service of NE MN, Brainerd, for appellant.

Bruce F. Alderman, Brainerd, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and HUSPENI, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Gary Wren Jones appeals from a district court dissolution proceeding that granted custody of his two youngest children to their mother. We reverse.

## FACTS

Gary and Joan Jones were married in January 1966. Their marriage was dissolved in November 1983. They are the parents of four children, Alan, 18, Bryan, 17, Jennifer, 14, and Jason, 10. Following a November 1983 trial, the court granted Gary Jones permanent custody of the two oldest boys and temporary custody of the two youngest children, subject to further review. An initial review hearing took place in May 1984 and a second was held in November 1984. On March 15, 1985, the court granted permanent custody of Jennifer and Jason to their mother.

Most of the testimony at the trial and the two subsequent hearings centered on Joan's mental illness. Testimony at the divorce trial revealed Joan suffers from bi-polar affective order or manic depression. She has been hospitalized 10 to 15 times, beginning in 1969, for episodes of psychotic behavior resulting from her disease. These hospital stays lasted from about three days to six months. She is currently being treated with an antipsychotic medication.

Both parties agree that Joan's episodes are triggered by her failure to take her medication. Her episodes take many forms; in one instance, she left for Colorado with a man and in another she threatened a doctor with a knife. Yet another time, she disappeared for two to three weeks. Apparently these incidents occur without warning. Joan testified at trial that she is resolved to take her medication at all times and she realizes the detrimental effect not taking it has on her children.

Joan was hospitalized twice just prior to the November 1984 review hearing. The first time she signed herself into Brainerd State Hospital. She explained she was depressed because the custody hearing was postponed. In July 1984, Joan was hospitalized in Duluth for about eight days. She said that incident was a result of being upset by Gary.

There is conflicting testimony as to how often Joan visited her children since the May 1984 hearing. Gary testified Joan hadn't had any contact with the children in six months. Joan disagreed and said she phones Jason frequently. She claimed that Gary wouldn't let her take the children for a visit and added that she feels uncomfortable around him.

Joan testified that, until the parties' separation in March 1983, she was the children's primary parent. Testimony also indicated that in 1979 Joan returned to Minnesota from Colorado with the three youngest children due to financial difficulties. She obtained housing and cared for the children as a single parent for nearly two years. She said that Gary cared for the children during her hospitalizations. Gary testified that he has been the children's primary caretaker continually since at least March 1983.

At the time of the trial, Joan was living with her mother. By the first review hearing in May 1984, she had moved to a one-bedroom house. She testified that the house contained a porch that could be used as a second bedroom, except during the winter. She said she would try to obtain low-income housing if she had custody of the children.

Gary testified that as long as Joan takes her medication she is fine and that she does a good job of caring for the children. "She is a fine woman when she ain't sick," he

said, "but half the time she is sick." Both parties are currently employed.

Dr. Thomas Belfiori, Joan's psychiatrist, did not give an opinion of Joan's parenting skills because he did not have enough information to comment. However, he testified that overall Joan has progressed fairly well while under his care. He said if Joan stays on her medication, she should be able to tolerate the normal stresses and strains of child rearing. However, he also testified that individuals such as Joan frequently go off their medication, and that there is usually no warning before psychotic episodes occur. He also stated that he thinks that she has other problems common to people who have an illness.

In an order dated March 15, 1985, the trial court made the following findings:

### FINDINGS OF FACT

1. That Mrs. Joan Irene Jones is still suffering from a mental illness known as bi-polar affective disorder or manic depression.
2. That as long as respondent remains on her prescribed medication she appears to be capable of tolerating the normal stresses and strains of child rearing.
3. Respondent appears to have control of her living habits and has not had an episode since July of 1984.
4. That it now appears to be in the best interests of all parties that Jennifer Inez Jones and Jason Edward Jones be reunited with their mother Joan Irene Jones.

The court did not interview Jason or Jennifer and no custody study was done.

### ISSUE

Did the trial court abuse its discretion in granting respondent custody of Jennifer and Jason?

### ANALYSIS

It is well settled that a trial court has broad discretion with respect to child custody decisions. The trial court's findings will not be disturbed unless there has been a clear abuse of discretion. *Peterson v. Pe-terson,* 308 Minn. 365, 368, 242 N.W.2d 103, 106 (1976); *Ebnet v. Ebnet,* 347 N.W.2d 840, 842 (Minn.Ct.App.1984). Without a showing of arbitrary action, an appellate court will be slow to interfere with the discretion of the trial court. *Davis v. Davis,* 306 Minn. 536, 538, 235 N.W.2d 836, 838 (1975).

The "best interests of the child" is the ultimate test for custody decisions. Minn. Stat. § 518.17 (1984); *Berndt v. Berndt,* 292 N.W.2d 1, 2 (Minn.1980). Unless clearly erroneous, a trial court finding concerning the best interests of the child must be upheld. Minn.R.Civ.P. 52.01; *Pikula v. Pikula,* 374 N.W.2d 705, 710 (Minn.1985). The reviewing court must view the evidence in the light most favorable to the trial court's findings. *Hansen v. Hansen,* 284 Minn. 1, 5, 169 N.W.2d 12, 15 (1969); *Rinker v. Rinker,* 358 N.W.2d 165, 167 (Minn.Ct.App.1984). The trial court's findings as a whole must reflect that the trial court has considered the relevant factors of § 518.17, subd. 1. *Rosenfeld v. Rosenfeld,* 311 Minn. 76, 83, 249 N.W.2d 168, 171–72 (1976).

The trial court found that the best interests of the children were served by placing their custody with Joan. Even when the evidence is viewed in the most favorable light, that finding is clearly erroneous.

The trial court found that Joan was a capable parent as long as she remains on her medication. That finding is not disputed on appeal. However, that finding does not completely resolve the issue of Joan's mental health. The psychiatrist testified that persons with Joan's mental illness fairly frequently go off their medication and thereafter suffer another manic or depressive episode. He further testified that when a person is having an episode, the person is unaware of that fact. During past episodes, Joan has threatened a doctor with a knife, disappeared at night, left for Colorado with a man, and lived with a man she had only known for three days.

Joan generally has episodes at least once a year due to her going off her medication.

She repeatedly makes resolutions to stay on the medication, and repeatedly fails to keep those resolutions. Her last psychotic episode occurred only four months before the last hearing. After a fifteen-year history of mental illness marked by twelve or more psychotic episodes, a four-month period without incident is not sufficient evidence of change. Her psychiatrist stated in June 1984 that "I really feel that this time Joan will not go off the medications and I also feel that I have a very good relationship with her, which should help encourage her to follow through with appropriate treatment." Yet, since that time, Joan has had at least one more psychotic episode requiring hospitalization.

■ Because the record indicates the incapacity of the mother to adequately parent at all times, the primary parent doctrine is inapplicable. Reviewing the other evidence, we note that the children get along equally well with either parent. The children have lived with Gary since early 1983, and there is no evidence of instability on his part. Nothing in the record suggests that father is not a fit and proper person to have custody of these children, nor does Joan challenge on appeal the finding that Gary is a fit and proper person. While Joan may be able to obtain more suitable housing in the future, her present home has only one bedroom.

■ Viewing all the evidence, the trial court was clearly erroneous in finding that the best interests of Jennifer and Jason were served by placing their custody with Joan. Rather, their best interests are served by their continued custody with Gary. This will also result in all four children being together, a preferred resolution.

### DECISION
The trial court abused its discretion in granting custody to respondent. We reverse the trial court and remand with direction to enter judgment granting custody to appellant.

Reversed.