In re the Marriage of Barbara Ann
WIBBENS, Petitioner, Appellant,

v.

Donald Gene WIBBENS, Respondent.

No. CX–85–1000.

Court of Appeals of Minnesota.

Dec. 31, 1985.

Judy B. Mack, Minneapolis, for appellant.

Robert L. Grossman, Carole B. Grossman, Minneapolis, for respondent.

Heard, considered and decided by PARKER, P.J., and FORSBERG and NIERENGARTEN, JJ.

## OPINION

FORSBERG, Judge.

This appeal is from an amended judgment and decree in a dissolution action. The parties settled on all but two narrow issues—reservation of spousal maintenance and a cost-of-living provision in the child support order. The stipulated judgment provided that the issue of reservation of

maintenance would be heard after entry of judgment. The trial court denied appellant's request for reservation, as well as her motion to add a cost-of-living provision. We affirm.

## FACTS

Appellant Barbara and respondent Donald Wibbens were married in 1964. They have two sons, Scott, born June 8, 1965, and age 19 at the time of the hearing, and David, born August 28, 1968, and still a minor.

The parties separated in 1981. In 1983, they entered into a stipulation providing for Donald to pay $800 per month child support.

The dissolution came on for hearing on December 18, 1984. The parties had reached a settlement, however, on all issues except the reservation of spousal maintenance following a 30-month period during which Donald would pay $500 per month. The parties agreed that in exchange for Donald's obtaining disability insurance for Barbara, she would waive the reservation of maintenance.

Barbara has had an eye condition known as Stevens-Johnson Syndrome since before the marriage. This condition flared up before the dissolution settlement.

Donald was unable to obtain disability insurance to cover this eye condition. Since Donald wished to have the dissolution judgment entered before the end of 1984 due to changes in tax treatment of spousal maintenance, it was agreed that judgment would be entered with the maintenance issue to be tried within 60 days.

The child support cost-of-living provision, Minn.Stat. § 518.641, subd. 1 (1984), was omitted from the judgment. Donald claims the parties had not agreed on the provision. Barbara claims it was deceptively omitted by Donald's counsel, who drafted the judgment and decree.

The issue of the reservation of spousal maintenance was heard on the memoranda and other submissions of the parties. Barbara also asked for the cost-of-living provi-

sion, attorneys fees and other relief. The trial court denied her motions.

## ISSUES

1. Was the denial of a reservation of spousal maintenance an abuse of discretion?

2. Did the trial court err in failing to include a cost-of-living provision?

3. Did the court abuse its discretion in denying attorneys fees to both parties?

## ANALYSIS

### 1. Reservation of spousal maintenance

Barbara contends that the trial court abused its discretion by failing to reserve the issue of maintenance after the expiration of temporary maintenance in June, 1987. She cites *Tomscak v. Tomscak*, 352 N.W.2d 464, 466 (Minn.Ct.App.1984), in which this court reversed the trial court's denial of a reservation of the maintenance issue, and *Van de Loo v. Van de Loo*, 346 N.W.2d 173, 178 (Minn.Ct.App.1984), in which reservation of maintenance was approved.

In both *Tomscak* and *Van de Loo*, there was no order for current maintenance, either permanent or temporary; therefore, a reservation of jurisdiction to award maintenance was required. As this court noted in *Tomscak:*

Under the existing decree, the trial court would be unable to respond to changed circumstances. *Where a court neither awards alimony nor retains jurisdiction to award alimony at some future time*, it loses jurisdiction to do so following the dissolution. *Berger v. Berger*, 308 Minn. 426, 242 N.W.2d 836 (1976). To protect Francine, an award of maintenance must be reserved.

352 N.W.2d at 466 (emphasis added).

Since the trial court here awarded temporary maintenance, no reservation of the issue was required. A court may modify an award of maintenance, whether temporary or permanent, before its expiration.

Minn.Stat. § 518.64, subd. 1 (1984). A jurisdictional problem would not arise in this case until June, 1987. Barbara could bring a motion to reserve maintenance at that time, before the maintenance obligation ceased, if there were still a question about her physical condition.

### 2. Cost-of-living provision

Minn.Stat. § 518.641, subd. 1 (1984) requires the court to provide for a biennial adjustment in the amount of child support, based on a change in the cost-of-living, unless it expressly finds that the obligor's income is not subject to cost-of-living increases. The trial court made no finding that Donald's income was not subject to a cost-of-living increase, although he claims that is the case. No conclusive evidence was presented on the issue.

 The cost-of-living provision is mandatory. This court has held that a remand is required if the trial court excludes the provision without making the express finding required by the statute. *Hadrava v. Hadrava*, 357 N.W.2d 376, 379 (Minn.Ct. App.1984).

Although the trial court erred in omitting the provision without findings, the effect in this case is *de minimis*, and we decline to remand for this technical error. *See Henschke v. Young*, 224 Minn. 339, 343, 28 N.W.2d 766, 769 (1947) (technical error in evidentiary ruling not grounds for reversal). The judgment appears to cut off child support when the child reaches 18, in August, 1986, rather than upon graduation from high school in May or June of 1987. It is not clear whether a biennial adjustment would take effect in May of 1986 or 1987. Regardless, we agree with respondent's counsel that the maximum additional support at stake is about $120, even assuming inflation greater than the current rate.

### 3. Attorneys fees

Both parties have claimed attorneys fees, under the dissolution statutes, Minn.Stat. § 518.14 (1984), as well as under Minn.Stat. § 549.21 (1984), claiming bad faith litigation and frivolous claims or defenses.

A trial court's award or denial of attorneys fees will not be reversed absent a clear abuse of discretion. *Dahlberg v. Dahlberg*, 358 N.W.2d 76, 83 (Minn.Ct.App. 1984). We find no abuse of discretion in the denial of attorneys fees. The parties arrived at a settlement of all basic issues, thus effectively containing legal costs. The issues raised following the settlement, and on appeal, are frivolous and trivial, but the parties bear equal responsibility for prolonging the proceeding.

### DECISION

Since temporary maintenance was awarded, it was not necessary for the trial court to reserve jurisdiction. The failure to include a cost-of-living provision was a technical error of minimal effect in this case. There was no abuse of discretion in denying attorneys fees.

Affirmed.