**In re the Marriage of Monica Marie LARKIN, Petitioner, Respondent,**

v.

**Daniel Vernon LARKIN, Appellant.**

No. C6–87–1466.

Court of Appeals of Minnesota.

Dec. 8, 1987.

Daniel A. Klas, St. Paul, for respondent.

Kenneth P. Griswold, Ruttenberg, Griswold, Orren, St. Paul, for appellant.

Heard, considered and decided by WOZNIAK, P.J., and NORTON and IVERSON, JJ.

### OPINION

IVERSON, Judge[*].

Daniel Vernon Larkin appeals from the trial court's amended order denying his motion for a new trial. On appeal, appellant contends the trial court erred in holding that Tier I Railroad Retirement benefits are divisible as marital property.

### FACTS

On November 1, 1985, the marriage of Daniel Vernon Larkin and Monica Marie Larkin was dissolved by an order of the court. Matters of custody, property division, support, maintenance, and attorney fees were reserved for further hearings. On December 2, 1986, judgment was entered awarding Monica a property settlement, from other assets, to the extent of one-half of the present value of Daniel's

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

Tier I and Tier II Railroad Retirement benefits.

## ISSUE

Are Tier I Railroad Retirement benefits divisible as marital property, either directly or by substituting other assets?

## ANALYSIS

The only issue raised by this appeal is whether Tier I Railroad Retirement benefits are divisible as marital property. This is a question of law. "Appellate courts need not defer to the trial court in reviewing questions of law." *Ruud v. Ruud,* 372 N.W.2d 851, 853 (Minn.Ct.App.1985) (citing *Van De Loo v. Van De Loo,* 346 N.W.2d 173, 175 (Minn.Ct.App.1984) (citations omitted).

The trial court's award to Monica of 50% of Daniel's Tier I Railroad Retirement benefits directly conflicts with the express terms of the Railroad Retirement Act.

Retirement benefits for railroad employees are governed by a comprehensive statutory scheme providing two separate tiers of benefits. *See* 45 U.S.C. § 231 (1982 & Supp. III 1985). Tier I benefits correspond "exactly to those an employee would expect to receive were he covered by the Social Security Act." *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 579, 99 S.Ct. 802, 807, 59 L.Ed.2d 1 (1979) (citing 45 U.S.C. § 231b(a)(1)). Tier II benefits resemble a private pension and are tied to earnings and career service. *Id.*

In order to assure that retired railway employees receive their retirement benefits, Congress enacted 45 U.S.C. § 231m (Supp. III 1985) which, as most recently amended, provides that

notwithstanding any other law of the United States, or of any State, territory, or the District of Columbia, no annuity or supplemental annuity shall be assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances whatsoever, nor shall payment thereof be anticipated.
* * *

In 1977, Congress amended the Social Security Act to override § 231m and facilitate garnishment for claims based on *spousal support. See* 42 U.S.C. §§ 659(a) and 662(c) (1982), *amended by* 42 U.S.C. § 659(a) (Supp. III 1985). However, the 1977 amendments did not override § 231m for community property claims or other divisions of property between spouses. The Supreme Court concluded that Congress, in adopting the 1977 amendment, must have decided that

a family's need for support could justify garnishment, even though it deflected other federal benefits programs from their intended goals, but that community property claims, [equitable distributions of property, and other divisions of property between spouses or former spouses], which are not based on need, could not do so.

*Hisquierdo,* 439 U.S. at 587, 99 S.Ct. at 811; *see* 42 U.S.C. § 662(c).

The Supreme Court, in *Hisquierdo,* addressed the issue of whether Railroad Retirement benefits were divisible as marital property. The court found that Congress intended the retired railroad employee to be the exclusive beneficiary of the retirement benefits. *Id.* at 583–585, 99 S.Ct. at 809–810. The court also found that any diminution of the retirement benefits would frustrate Congress' objective of fixing an amount "appropriate to support an employee's old age and to encourage the employee to retire." *Id.* at 585, 99 S.Ct. at 810.

The court concluded that a trial court may not distribute Tier I benefits, award other marital property as an offset, or in any way consider the employer's Tier I benefits in dividing marital property. *Id.*

Following *Hisquierdo,* Congress amended § 231m to expressly permit characterization of Tier II railroad benefits as property subject to distribution on divorce. 45 U.S.C. § 231m(b)(2). However, the 1983 amendments do not affect Tier I benefits which remain subject to the limiting provision of § 231m. Therefore, a trial court is still precluded from distributing Tier I benefits, awarding other marital property as an offset, or otherwise considering the em-

ployee's Tier I benefits in dividing marital property upon divorce.

Accordingly, we hold that the trial court erred as a matter of law in considering Daniel's Tier I Railroad Retirement benefits when dividing the couple's marital property.

## DECISION

The portion of the trial court's order dividing marital property is reversed and remanded for redetermination following additional findings on the factors discussed in this opinion.

Reversed and remanded.